Larry **GARRETT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 3–92–472–CR.

Court of Appeals of Texas,
Austin.

April 20, 1994.

Mark E. Danford, McDurmitt & Danford, Belton, for appellant.

Hollis C. Lewis, Jr., County and District Atty. and James A. Endicott, Jr., Sp. Counsel, Cameron, for appellee.

Before POWERS and KIDD, JJ., and DAVIS,* Judge (Retired).

DAVIS, Judge (Retired).

After finding appellant guilty of the offense of possession of a controlled substance, cocaine, in an amount less than twenty-eight grams, Tex. Health & Safety Code Ann. § 481.115(b) (West 1992), the jury assessed punishment, enhanced by a prior felony conviction, at confinement for forty years. Appellant asserts four points of error, contending that the trial court erred in: (1) admitting, over appellant's objections, testimony of extraneous offenses; (2) submitting, over appellant's objection, a charge on punishment that constituted a comment on the weight of evidence; (3) allowing a question from a juror to be asked of a witness; and (4) finding that the evidence was sufficient to support the conviction. We will reverse the trial court's judgment and remand for a new trial.

Texas Highway Patrolman Jimmy Morgan testified that he had stopped in front of O.J. Thomas Junior High in Cameron on October 6, 1991, when he observed a car occupied by two men driving toward him with an expired inspection sticker. After noting that the window was partially down on the driver's side, Morgan hollered to the driver of the vehicle that he wanted to talk to him about the inspection sticker. Morgan related that the vehicle accelerated and that he turned the patrol car and pursued the fleeing vehicle. As Morgan pulled up behind the vehicle that had come to a stop after making a right turn, he observed that the driver's door was open, the driver had fled, and appellant was sitting on the passenger side of the front seat. Morgan recovered twelve rocks of what appeared to be rock cocaine in a matchbox located between the driver's and passenger's seats. Morgan removed thirty matches from appellant's pocket "which were the type of matches that would fit in this matchbox."

Joe Budge, a D.P.S. chemist, testified that the substance Trooper Morgan delivered to him was crack cocaine, weighing "one point eight two grams." Henry Taylor testified that his sister's boyfriend, Xavier Campbell,

was driving her car on the occasion in question. Taylor related that appellant told him that the crack cocaine was his. Taylor stated that he made a statement to police about appellant's admission in order to help his sister get her car back. Taylor further testified that Campbell had previously "pushed dope." Campbell testified that the crack cocaine belonged to him and that he had entered a plea of guilty to the offense.

■ In reviewing the sufficiency of the evidence we must determine whether, viewing the evidence in the light most favorable to the conviction, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Casillas v. State*, 733 S.W.2d 158, 160 (Tex. Crim.App.1986), *appeal dismissed*, 484 U.S. 918, 108 S.Ct. 277, 98 L.Ed.2d 238 (1987). The standard of review is the same for direct and circumstantial evidence cases. *Geesa v. State*, 820 S.W.2d 154, 162 (Tex.Crim.App. 1991). The elements of the offense of possession of a controlled substance are (1) care, control and management over the contraband; and (2) knowledge by the accused that the substance was contraband. *Martin v. State*, 753 S.W.2d 384, 387 (Tex.Crim.App. 1988). To show possession of contraband when the defendant is not in exclusive control or possession of the substance, additional facts and circumstances must be shown that affirmatively link the accused to the contraband. *Id.* at 387.

■ In the instant cause, we find two affirmative links that place appellant in possession of the contraband. The matches in appellant's pocket were of the size and shape to fit in the box in which the cocaine was found. Henry Taylor testified that appellant told him that the crack cocaine was his. Viewing the evidence in the light most favorable to the verdict, we hold that any rational trier of fact could have found sufficient affirmative links between appellant and the contraband to find the essential elements of the offense

* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See*

Tex. Gov't Code Ann. § 74.003(b) (West 1988).

beyond a reasonable doubt. Appellant's fourth point of error is overruled.

■ In his first point of error, appellant asserts that the trial court erred in overruling his objection to the admission of Morgan's testimony that a switchblade knife[1] was taken from appellant's right front pocket; that there was a strong odor of freshly smoked marihuana in the vehicle; and that "rolling papers" were retrieved from the front passenger compartment of the vehicle. Establishing the relevancy of an extraneous act is the first step in the trial court's determination of whether the evidence should be admitted. *See Rogers v. State*, 853 S.W.2d 29, 32 (Tex.Crim.App.1993). Relevant evidence is evidence which has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Tex.R.Crim. Evid. 401. If evidence of an extraneous act is relevant, the next step is to determine the purpose for which this evidence might be admitted as an exception under Rules of Criminal Evidence 404(b). *Rogers*, 853 S.W.2d at 33. Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided, upon timely request by the accused, reasonable notice is given in advance of trial of intent to introduce in the State's case in chief such evidence other than that arising in the same transaction.

■ We find *Rogers* instructive in determining both steps in the instant cause. The defendant in *Rogers* was convicted of the offenses of burglary and possession of methamphetamine. Upon entering the defendant's home pursuant to a warrant for defendant's arrest for burglary, the officers found the methamphetamine. The trial court allowed testimony to be admitted, over the

defendant's objection, that marihuana was found between a mattress and box springs in a rear bedroom of the defendant's house. While stating that it was "not necessarily convinced" of the relevancy of the marihuana evidence, the *Rogers* court found the trial court's ruling was within the "zone of reasonable disagreement." *Id.* at 32–33. *See Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App.1991). The court reasoned that evidence that the defendant uses and sells one type of controlled substance (marihuana) "could arguably make it more probable that appellant would also be inclined to be in possession of another type of illegal substance (methamphetamine)." *Rogers*, 853 S.W.2d at 32.

The court went on to hold, however, that the marihuana evidence, while relevant, was inadmissible under Rule 404(b). While Rule 404(b) enumerates specific purposes for which other "crimes, acts or wrongs" are admissible, the list of "other purposes" is "neither exclusive nor collectively exhaustive." *See Montgomery*, 810 S.W.2d at 388. In *Rogers*, as in the instant cause, the State urged that the complained of evidence was admissible as "same transaction contextual evidence." The *Rogers* court stated, "Only if the facts and circumstances of the instant offense would make little or no sense without also bringing in the same transaction contextual evidence, should the 'same transaction contextual evidence' be admitted" under Rule 404(b). *Rogers*, 853 S.W.2d at 33. The court held that the evidence concerning the marihuana was not necessary to the jury's understanding of the offenses of burglary and possession of methamphetamine as "same transaction contextual evidence." *Rogers*, 853 S.W.2d at 34.

■ In the instant cause, we will not "superimpose our judgment as to relevance over that of the trial court" in admitting evidence of the odor of marihuana and discovery of "rolling papers" in a possession of cocaine offense. However, we are unable to conclude that the recovery of a switchblade knife from

---

**1.** It is an offense to intentionally or knowingly possess a switchblade knife. *See* Tex. Penal Code Ann. § 46.06(a)(5) (West Supp.1994).

appellant's pocket was relevant to the possession of such a small amount of cocaine.

Even if we assume that all of the complained of evidence was relevant, we hold that it was not admissible as "same transaction contextual evidence" under Rule 404(b). In presenting evidence of appellant's arrest for possession of cocaine, the jury's understanding of the offense would not have been impaired or clouded without including the evidence concerning the presence of the odor of marihuana, the discovery of the "rolling papers," and the removal of the switchblade knife from appellant's pocket. *See Rogers,* 853 S.W.2d at 34. We hold that the evidence of the extraneous conduct and offense was not necessary to the jury's understanding of the offense of possession of cocaine.

Where the record reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the evidence made no contribution to the conviction or to the punishment. Tex.R.App.P. 81(b)(2). The evidence was conflicting as to whether appellant or Campbell, jointly or individually, possessed the contraband. Campbell fled the scene when the officer asked to talk to him. Punishment was assessed at forty years for possession of crack cocaine that weighed "one point eight two grams." We are unable to determine beyond a reasonable doubt that the error made no contribution to the conviction or the punishment. We sustain appellant's first point of error.

Because of our holding on appellant's first point of error, we do not address the remaining point of error.

The judgment is reversed and the cause remanded for a new trial.