IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-94-094-CR




TERESA STRANGE,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 0925736, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of possessing less than twenty-eight grams of cocaine. 
Controlled Substances Act, 71st Leg., R.S., ch. 678, sec. 1, § 481.115, 1989 Tex. Gen. Laws
2230, 2936 (Tex. Health & Safety Code Ann. § 481.115, since amended). The jury assessed
punishment at imprisonment for ten years and a $10,000 fine. In her only point of error,
appellant contends the evidence is legally insufficient to sustain the conviction.

 Austin police officer Derek Galloway testified that he received a telephone call
from a citizen complaining that drugs were being sold in the house at 5104-A Spruce Cove. To
test the accuracy of this information, the informer was thoroughly searched and sent into the house
to purchase drugs. The informer returned with a rock of what the officer believed was crack
cocaine. Further investigation revealed that utility service at this address was in appellant's name. 
The informer identified a photograph of appellant as the person who sold her the cocaine. 
Galloway watched the house for one hour, during which he saw twelve vehicles come and go. 
Galloway testified that this high traffic volume led him to believe that drugs were in the house.

 Police officers executed a search warrant at 5104-A Spruce Cove that night. Three
people were in the living room when the officers entered: LeRon Jones, Linda Jackson, and
appellant. A plastic bag containing eight rocks of crack cocaine was found on the living room
floor near Jones. Another rock of crack cocaine was found in a pouch lying on the floor near
Jackson's purse. In a blue bag lying under a table near appellant's shoes, officers found a crack
pipe, plastic bags with white powder residue, and a bag of marihuana. Another crack pipe was
found on the floor near appellant, while a third was found behind the couch. A second bag of
marihuana was also found behind the couch. 

 Marvin Arnold was discovered asleep in the master bedroom of the house. Officers
searching this bedroom found, in the top drawer of a dresser, two rocks of crack cocaine together
with a utility bill and other documents addressed to appellant at the Spruce Cove address. Officers
located two other persons in the second bedroom of the house. 

 Arnold testified that he had lived with appellant since 1989. On the day in
question, he returned home from work at about 5:00 p.m. Appellant and some of her friends
were there. Arnold went directly to the master bedroom which he shared with appellant and went
to sleep. Arnold was awakened by the entry of the police. Arnold denied any knowledge of the
cocaine found in the house. 

 Appellant wrote Arnold a letter from jail. Introduced in evidence, the letter said
in part:


I apologize for dragging you into all this mess & hope that you'll be able to forgive
me. . . . You know I never knew that if you let someone sell out of your house
that everything in it was considered yours. . . . The money turned my greedy little
head and of course all that came with it. If need be I'll also tell your superiors that
this was all my fault.



 Appellant testified that her friends often came to her house to drink and play cards. 
Appellant admitted that some of her friends also brought drugs to the house, but said that she
made them go to the second bedroom to use them. Appellant denied ever possessing controlled
substances and said she did not know how the drugs and paraphernalia found by the police came
to be in her house.

 In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). In a
prosecution for possession of a controlled substance, the evidence must show that the accused
exercised care, control, and management over the contraband knowing that the substance was
contraband. Garrett v. State, 875 S.W.2d 444, 445 (Tex. App.--Austin 1994, pet. ref'd). To
show possession when the accused is not in exclusive control of the substance, the circumstances
must link the accused to the contraband. Id.

 The evidence in this cause is clearly sufficient to prove appellant's knowing
possession of cocaine. Appellant was a resident of the house in which the contraband was found. 
Crack cocaine was found in a drawer in appellant's bedroom next to bills and other documents
addressed to appellant. Cocaine, cocaine paraphernalia, and marihuana were found throughout
the living room occupied by appellant and her two friends. In her letter to Arnold, appellant
admitted knowing that drugs were sold in her house, conceded that "money turned my greedy little
head," and acknowledged that "this was all my fault." Finally, the informer identified appellant
as the person who sold her cocaine prior to the execution of the search warrant. The point of
error is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: November 23, 1994

Do Not Publish