McDaniel v. State 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00191-CR







Michael McDaniel, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 44,601, HONORABLE MARTHA TRUDO, JUDGE PRESIDING








 A jury convicted appellant of aggravated robbery, and the court assessed
punishment at forty years' imprisonment. Tex. Penal Code Ann. § 29.03 (West 1994). (1) Appellant
raises points of error complaining of admission of prejudicial evidence, improper bolstering of
an unimpeached witness, and improper jury argument. We will affirm the judgment of
conviction.



BACKGROUND 


 On June 12, 1994, an unknown assailant wearing a ski mask robbed Arnold Salas,
a pizza deliverer for Pizza Hut. The robber stole Salas' watch, money, and car with his clothes
in the trunk. Shortly before the robbery, someone had called to change the delivery address of
the pizza order, and the robbery occurred at the changed location.

 Daniel Feighert, clerk at a Diamond Shamrock convenience store, testified that on
the night of the robbery appellant was pacing back and forth in front of the store around closing
time. After Feighert locked the doors and closed for the evening, appellant knocked on the
window and asked Feighert to give him change for a dollar so that he could use the pay-phone. 
Feighert declined to open the door, but slid a quarter underneath the door. Shortly thereafter,
appellant returned, claiming that the phone did not work. He asked Feighert to place a call to
Pizza Hut and request a change of delivery address for him. Feighert identified appellant at a
police lineup and at trial as the man who had requested the phone call. 

 Shana Crawford, appellant's estranged wife, testified that five days after the
robbery, appellant had told her that he had a gun under the seat of a car which was later identified
as Salas' stolen car. Crawford testified that she never saw the gun. Salas testified that during the
robbery he saw something silver in the robber's hand and believed it was a gun, although he was
not positive whether the assailant possessed a firearm. The arresting officers never found a gun. 
Appellant testified, denying that he committed the offense or that he ever had a gun.


DISCUSSION


Testimony of the gun

 In point of error one, appellant alleges that the court improperly admitted
Crawford's testimony concerning appellant's claim of having a gun because the evidence was
irrelevant and alluded to an extraneous offense. See Tex. R. Crim. Evid. 404(b).

 In determining the admissibility of evidence in light of Rule 404(b), the trial court
must first determine whether the evidence is relevant. Garret v. State, 875 S.W.2d 444, 446
(Tex. App.--Austin 1994, pet. ref'd). Relevant evidence is that which tends to make the existence
of any fact consequential to the determination of the action more or less probable than it would
be without the evidence. Tex. R. Crim. Evid. 401. When reviewing a trial court's ruling on
relevance, we employ an abuse of discretion standard. Moreno v. State, 858 S.W.2d 453, 463
(Tex. Crim. App. 1993), cert. denied, 114 S.Ct. 445 (1993). A reviewing court may reverse a
trial court's evidentiary decision only when the court acted in an unreasonable or arbitrary manner
or outside the zone of reasonable disagreement. See Richardson v. State, 879 S.W.2d 874, 881
(Tex. Crim App. 1993). Moreover, a reviewing court may not reverse for abuse of discretion
simply because it disagrees with the trial court's decision if that decision was within the trial
court's discretionary authority. See Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim.
App. 1990). 

 If the evidence is relevant, the court must then determine whether the evidence is
improperly offered in order to prove conformity with character or for some other, permissible
purpose, such as those enumerated in Rule 404(b). (2) Garret, 875 S.W.2d at 446. Again, when
reviewing a trial court's determination of whether the evidence has relevance apart from character
conformity, we employ an abuse of discretion standard. Montgomery, 810 S.W.2d at 391. 

 Because the State's indictment alleged that appellant had used a firearm during the
robbery, it was required to prove that fact. Use of a firearm was a contested issue, and appellant
denied ever having a gun. Crawford testified that five days after the offense appellant was driving
the car identified as the one stolen during the robbery and that he had told her at that time that he
had a gun under the car seat. The State proffers that the testimony is relevant because it tends to
make it more probable that appellant used a firearm during the robbery. The State also maintains
that the evidence has relevance apart from character conformity because, once again, the evidence
tends to show that a firearm was used in the course of the robbery, a necessary element of the
offense. Given the State's explanations, we cannot say that the trial court abused its discretion. 
We overrule point of error one.

 In point of error two, appellant claims that Crawford's testimony was inadmissible
because its probative value was substantially outweighed by its unfair prejudice. See Tex. R.
Crim. Evid. 403. As with the admissibility of evidence under Rule 404, when reviewing a trial
court's decision balancing probative value against prejudicial effect, we employ an abuse of
discretion standard. Narvaiz v. State, 840 S.W.2d 415, 429 (Tex. Crim. App. 1992). Neither
at trial nor on appeal has appellant argued any specific prejudice as to how mere ownership of a
gun might inflame the jury to the extent that they ignore reason and embrace passion. In the
absence of a more specifically articulated claim of prejudice, we cannot say that the trial court
abused its discretion. We overrule point of error two. 


Feighert's identification at the police lineup

 Feighert identified appellant at a police lineup as the man who had paced back and
forth in front of the convenience store and requested the phone call to Pizza Hut to change the 

delivery address. At trial, Feighert testified as to his earlier identification. Later in the State's
case-in-chief, officer James Schultz corroborated Feighert's prior identification. Appellant
objected, claiming that Shultz's testimony was improperly bolstering an unimpeached witness. 
The trial court sustained the objection and instructed the jury to disregard the testimony. 
Appellant then requested a mistrial which was denied.

 In point of error three, appellant alleges the trial court erred in failing to grant a
mistrial. An instruction to disregard will normally cure any harm derived from improper
testimony. See Hernandez v. State, 805 S.W.2d 409, 413-14 (Tex. Crim. App. 1990). A mistrial
is only appropriate when the testimony is of such a damning character as to suggest the
impossibility of removing the harmful impression imprinted upon the jurors' minds. Id. When
reviewing a trial court's decision to declare a mistrial, we employ an abuse of discretion standard. 
See Ex parte Little, 887 S.W.2d 62, 66 (Tex. Crim. App. 1994). Given the presumption that an
instruction to disregard cures any harm, we cannot say that the trial court abused its discretion in
failing to grant a mistrial. We overrule point of error three. 

 As part of the State's rebuttal, Officer Lloyd Herbert, as did Schultz before him,
corroborated Feighert's prior identification of appellant. Appellant objected, once again claiming
that the State was seeking to improperly bolster the testimony of an unimpeached witness. The
court overruled the objection. Herbert also identified State's Exhibits 16 and 17 ("SX 16 & 17"). 
SX 16 was a written statement regarding the lineup signed by Feighert, and SX 17 was a series
of photographs of the individuals in the lineup. The court received the exhibits in evidence over
appellant's objection that they sought to bolster an unimpeached witness. The State went on to
ask the witness if Feighert was positive in his prior identification. Once again, appellant objected,
claiming improper bolstering. The trial court sustained the objection and instructed the jury to
disregard the testimony. Appellant then requested a mistrial which was denied.

 In point of error six, appellant alleges the trial court erred in failing to grant a
mistrial. Once again, an instruction to disregard will normally cure any harm derived from
improper testimony. See Hernandez, 805 S.W.2d at 413-14. Given the presumption that an
instruction to disregard cures any harm, we cannot say that the trial court abused its discretion in
failing to grant a mistrial. We overrule point of error six.

 In point of error four, appellant claims that the court erred in permitting Herbert
to corroborate Feighert's testimony. In point of error five, appellant claims that the court erred
in admitting SX 16 & 17 in evidence. 

 At trial, appellant's sole objection to these two alleged errors was "bolstering." 
On appeal, in addition to bolstering, appellant raises objections to the evidence based on other
grounds (e.g. Rules 612 and 801, Tex. R. Crim. Evid.). However, the error presented on appeal
must be the same as the objection raised at trial. Allridge v. State, 762 S.W.2d 146, 157 (Tex.
Crim. App. 1988). Therefore, the only question before this court is whether appellant's
bolstering objection was valid.

 As appellant correctly notes, at common law, "bolstering" was a proper objection
when a party offered evidence to add credence to some earlier unimpeached piece of evidence
offered by the same party. Sledge v. State, 686 S.W.2d 127, 129 (Tex. Crim. App. 1984). 

However, the Court of Criminal Appeals has recently interpreted the Rules of Criminal Evidence
as superseding the common law prohibition against bolstering:



"Bolstering" may perhaps be understood a little more precisely to be any evidence
the sole purpose of which is to convince the fact finder that a particular witness or
source of evidence is worthy of credit, without substantively contributing "to make
the existence of [a] fact that is of consequence to the determination of the action
more or less probable than it would be without the evidence." Accordingly,
evidence that corroborates another witness' story or enhances another source of
evidence, in the sense that it has an incrementally further tendency to establish a
fact of consequence, should not be considered "bolstering."



Cohn v. State, 849 S.W.2d 817, 819-20 (Tex. Crim. App. 1993) (citations omitted) (emphasis in
the original). The court further stated, "[No] provision in the Rules of Criminal Evidence. . .
mandates exclusion of relevant evidence simply because it corroborates testimony of an earlier
witness." Id. at 820. 

 In a nearly identical scenario, the Second Court of Appeals found no error in
allowing a police officer to corroborate another witness' prior photo identification of the
defendant. The court reasoned that the officer's testimony was relevant in its own right pursuant
to Rule 401. See Solomon v. State, 854 S.W.2d 265, 269 (Tex. App.--Fort Worth 1993, no pet.). 

 In the instant case, we find that Herbert's testimony was substantive evidence
linking appellant to the charged offense that incidentally corroborated Feighert's earlier testimony
as well. Moreover, we find nothing to indicate that this evidence was offered solely to add
credence to Feighert's earlier testimony. Thus, Herbert's testimony was properly admitted under
Cohn. Furthermore, the rationale in Cohn applies not only to witness testimony, but to
documentary evidence as well. Conner v. State, 891 S.W.2d 668, 670 (Tex. App.--Houston [1st
Dist.] 1994, no pet.). Therefore, we overrule points of error four and five.



Improper Jury Argument

 During closing argument of the guilt/innocence phase of the trial, the State's
attorney argued:



And I'll tell you what, I think it's real strange that he's -- that the defendant is out
there walking back and forth and pacing around at closing time at a convenience
store. The evidence from Mr. Salas that he was robbed by a man at gun point
suggested to me that he was going to rob that store. . . Absolutely reasonable
deduction from this evidence that defendant was going to rob that Shamrock store
if that boy had been stupid enough to unlock the door.



Appellant objected on the grounds that the State was arguing an extraneous offense outside the
scope of the evidence. The court responded, "Overruled. Jury will remember the testimony."

 In point of error seven, appellant argues that the court erred in permitting the State
to refer to an extraneous offense during argument which was both outside the scope of the
evidence and never even committed.

 The permissible scope of jury argument consists of (1) a summation of the
evidence, (2) any reasonable deduction from the evidence, (3) a response to argument of opposing
counsel, or (4) a plea for law enforcement. Whiting v. State, 797 S.W.2d 45, 48 (Tex. Crim.
App. 1990). Even if jury argument falls outside the permissible scope, in order to constitute
reversible error the jury argument must be extreme or manifestly improper, violate a mandatory
statute, or inject new facts in evidence harmful to the accused. Jacobs v. State, 787 S.W.2d 397,
406 (Tex. Crim. App. 1990). Moreover, an appellate court need not reverse a trial court
judgment when, beyond a reasonable doubt, the error made no contribution to the conviction. See
Tex. R. App. P. 81(b)(2); Orona v. State, 791 S.W.2d 125, 130 (Tex. Crim. App. 1990). 

 In the instant cause, the evidence shows, or tends to show, that appellant
was on foot late at night; that he was pacing suspiciously in front of a convenience store after
midnight; that appellant may have been armed at that time; that appellant sought to enter the store
after Feighert had locked the doors for the night; that when appellant was denied entry to the
store, he requested Feighert to unknowingly assist him in robbing Salas; and that the robbery took
place within a short distance from the store less than forty-five minutes later. 

 The State argued that this evidence implied that appellant had formed the intent to
rob someone within that hour. More specifically, the State argued that the evidence suggests that
appellant may have intended to rob the convenience store clerk. Given the record, we cannot hold
that the State's argument was not a reasonable deduction from the evidence. 

 Moreover, even if the argument was not a reasonable deduction from the evidence,
we cannot hold that it was manifestly improper or that it injected new and harmful facts into
evidence. On the contrary, we have determined, beyond a reasonable doubt, that the trial court's
error in permitting such argument made no contribution to the conviction. See Tex. R. App. P.
81(b)(2). Therefore, we overrule point of error seven.



CONCLUSION


 Having overruled all of appellant's points of error, we affirm the trial court's
judgment of conviction.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Kidd 

Affirmed

Filed: December 20, 1995

Do Not Publish
1.   This offense took place before September 1, 1994 and is governed by the law in effect at
the time the offense allegedly occurred. Because the code amendments effective September 1,
1994 have no substantive effect on this offense, we cite the current code for convenience.
2.   Texas Rule of Criminal Evidence 404(b) provides in pertinent part:


Evidence of other crimes, wrongs, or acts is not admissible to prove the character
of a person in order to show that he acted in conformity therewith. It may,
however, be admissible for other purposes, such as proof of motive, opportunity,
intent, preparation, plan, knowledge, identity, or absence of mistake or
accident. . . .



. . . Absolutely reasonable
deduction from this evidence that defendant was going to rob that Shamrock store
if that boy had been stupid enough to unlock the door.



Appellant objected on the grounds that the State was arguing an extraneous offense outside the
scope of the evidence. The court responded, "Overruled. Jury will remember the testimony."

 In point of error seven, appellant argues that the court erred in permitting the State
to refer to an extraneous offense during argument which was both outside the scope of the
evidence and never even committed.

 The permissible scope of jury argument consists of (1) a summation of the
evidence, (2) any reasonable deduction from the evidence, (3) a response to argument of opposing
counsel, or (4) a plea for law enforcement. Whiting v. State, 797 S.W.2d 45, 48 (Tex. Crim.
App. 1990). Even if jury argument falls outside the permissible scope, in order to constitute
reversible error the jury argument must be extreme or manifestly improper, violate a mandatory
statute, or inject new facts in evidence harmful to the accused. Jacobs v. State, 787 S.W.2d 397,
406 (Tex. Crim. App. 1990). Moreover, an appellate court need not reverse a trial court
judgment when, beyond a reasonable doubt, the error made no contribution to the conviction. See
Tex. R. App. P. 81(b)(2); Orona v. State, 791 S.W.2d 125, 130 (Tex. Crim. App. 1990). 

 In the instant cause, the evidence shows, or tends to show, that appellant
was on foot late at night; that he was pacing suspiciously in front of a convenience store after
midnight; that appellant may have been armed at that time; that appellant sought to enter the store
after Feighert had locked the doors for the night; that when appellant was denied entry to the
store, he requested Feighert to unknowingly assist him in robbing Salas; and that the robbery took
place within a short distance from the store less than forty-five minutes later. 

 The State argued that this evidence implied that appellant had formed the intent to
rob someone within that hour. More specifically, the State argued that the evidence suggests that
appellant may have intended to rob the convenience store clerk. Given the record, we cannot hold
that the State's argument was not a reasonable deduction from the evidence. 

 Moreover, even if the argument was not a reasonable deduction from the evidence,
we cannot hold that it was manifestly improper or that it injected new and harmful facts into
evidence. On the contrary, we have determined, beyond a reasonable doubt, that the trial court's
error in permitting such argument made no contribution to the conviction. See Tex. R. App. P.
81(b)(2). Therefore, we overrule point of error seven.



CONCLUSION


 Having overruled all of appellant's points of error, we affirm the trial court's
judgment of conviction.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Kidd