TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00350-CR






Stanley McGlone, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT


NO. 97-272, HONORABLE JACK H. ROBISON, JUDGE PRESIDING






 Appellant Stanley McGlone was indicted for two counts of aggravated assault. See
Tex. Penal Code Ann. § 22.02(a) (West 1994). The jury acquitted him of the first count, found
him guilty of the second, and sentenced him to five years' confinement. On appeal, he argues the
district court erroneously allowed the State to introduce evidence of extraneous, unindicted
offenses. We will affirm.


Factual Summary

 Luellen "Tina" Brackens, the complainant, testified that she and appellant had a
two and a half year romantic relationship and were living together on November 17, 1997. Early
in the morning of November 17, Brackens woke up to get ready for work. She woke appellant
at about 5:00 a.m. Appellant came out of the bedroom pointing a gun at her, "ranting and
raving" and accusing her of working for the Central Intelligence Agency, the Federal Bureau of
Investigation, and the Drug Enforcement Agency. When a friend called, appellant told him that
Brackens had infiltrated appellant's family and that appellant was going to "put a cap in [her] ass
and . . . kill the lying bitch." Brackens testified that appellant then placed the gun next to her
head and fired; at first she thought he had shot her, but he had fired at the wall and the bullet
missed her head. Appellant indicated that he was going to kill Brackens and then commit suicide. 
Appellant continued to hold Brackens at gunpoint, threatening her from about 5:00 a.m. until 1:45
p.m. Throughout the day, he repeated "that he was going to put a cap in [Brackens'] ass if [she]
went anywhere in the house." About 1:45 p.m., Brackens went to the sink near the front door
and pretended to wash her hair while appellant spoke on the telephone to his mother. Brackens
heard appellant tell his mother that he was going to kill Brackens, that he "wanted to put
[Brackens] down," and that "today was [Brackens'] deadline for life." As she pretended to wash
her hair, Brackens leaned over, unlatched the door, and ran down the driveway as fast as she
could. She turned to look back and saw appellant leaning out the door, aiming the gun at her. 
Appellant fired the gun and hit Brackens in the back. Brackens said she heard another three shots,
but only the first shot hit her. The bullet entered her back, passed through her body, and exited
from her upper abdomen. She flagged down a truck and was taken to a Luling hospital. She had
to be air-lifted to a San Antonio hospital due to the severity of her injuries. Brackens was
hospitalized for nine days, had her spleen removed, and at time of trial was still unable to return
to work.


Discussion

 In his sole issue on appeal, appellant argues the trial court erred in allowing
Brackens to testify as to the events occurring between 5:00 a.m., when he fired the gun while
holding it next to her head, (1) and 1:45 p.m., when he shot her, the second count of the indictment
for which he was convicted. We disagree and will overrule appellant's issue on appeal.

 The State correctly argues in its brief that appellant waived any error by not
objecting in time to Brackens' testimony regarding appellant's threats to kill her. Appellant did
not object timely, waiting until after she had stated twice that appellant threatened to "put a cap
in [her] ass." However, appellant's objection was timely as to Brackens' testimony that appellant
held her captive during the day, and we will review this issue on appeal.

 The admission or exclusion of evidence is reviewed under an abuse of discretion
standard. See Hernandez v. State, 973 S.W.2d 787, 789 (Tex. App.--Austin 1998, pet. ref'd). 
Evidence of other crimes generally is inadmissible when introduced to show the defendant acted
in conformity therewith. See Tex. R. Evid. 404(b); Blakeney v. State, 911 S.W.2d 508, 514
(Tex. App.--Austin 1995, no pet.). However, extraneous bad acts may be admissible as
background evidence if (1) the evidence is relevant under rule 401 of the Texas Rules of Evidence
and (2) it falls within an exception under rule 404(b). See Rogers v. State, 853 S.W.2d 29, 32
(Tex. Crim. App. 1993); Garrett v. State, 875 S.W.2d 444, 446 (Tex. App.--Austin 1994, pet.
ref'd).

 "Same transaction contextual evidence," evidence of other bad acts connected with
the charged offense, is admissible as a rule 404(b) exception when it is so intermixed and
connected with the charged offense as to make it impossible for the jury to understand the charged
offense without the evidence. See Rogers, 853 S.W.2d at 33; Dusek v. State, 978 S.W.2d 129,
136 (Tex. App.--Austin 1998, pet. ref'd). In other words, same transaction contextual evidence
is admissible if the facts and circumstances of the charged offense make little or no sense without
the same transaction evidence. See Rogers, 853 S.W.2d at 33.

 In this case, appellant objected to Brackens' testimony about appellant threatening
to kill her and holding her at gunpoint in the house between 5:00 a.m. and 1:45 p.m. The State
contends that both assaults and the extraneous offenses were part of one continuous transaction. 
We agree. The events occurring between the first and the final assault were so connected with
the charged offenses as to be necessary for the jury's understanding of the charges. The evidence
gave the jury "information essential to understanding the context and circumstances" of the
charged offenses. Camacho v. State, 864 S.W.2d 524, 532 (Tex. Crim. App. 1993). The district
court did not abuse its discretion in finding that the evidence of appellant's extraneous offenses
fell within the rule 404(b) exception. We overrule appellant's issue on appeal and affirm the
district court's judgment.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: March 30, 2000

Do Not Publish
1. This was the first count of the indictment, and the jury acquitted him of this charge.



ired the gun and hit Brackens in the back. Brackens said she heard another three shots,
but only the first shot hit her. The bullet entered her back, passed through her body, and exited
from her upper abdomen. She flagged down a truck and was taken to a Luling hospital. She had
to be air-lifted to a San Antonio hospital due to the severity of her injuries. Brackens was
hospitalized for nine days, had her spleen removed, and at time of trial was still unable to return
to work.


Discussion

 In his sole issue on appeal, appellant argues the trial court erred in allowing
Brackens to testify as to the events occurring between 5:00 a.m., when he fired the gun while
holding it next to her head, (1) and 1:45 p.m., when he shot her, the second count of the indictment
for which he was convicted. We disagree and will overrule appellant's issue on appeal.

 The State correctly argues in its brief that appellant waived any error by not
objecting in time to Brackens' testimony regarding appellant's threats to kill her. Appellant did
not object timely, waiting until after she had stated twice that appellant threatened to "put a cap
in [her] ass." Howeve