Jerry A. PETERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–00–01480–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 12, 2002.

Discretionary Review Refused
March 19, 2003.

---

David L. Singer, Houston, for appellants.

E. Hamilton Baugh, Houston, for appellees.

Panel consists of Chief Justice BRISTER and Justices FOWLER and SEYMORE.

## MAJORITY OPINION

WANDA McKEE FOWLER, Justice.

Appellant Jerry A. Peters was charged with the second degree felony offense of possession of cocaine, enhanced by two prior convictions. Appellant pleaded not guilty to the offense and not true to the enhancement paragraphs. A jury convicted him of the offense, found both enhancement paragraphs to be true, and sentenced him to twenty-five years' imprisonment in the Texas Department of Criminal Justice, Institutional Division. In a sole issue for review, appellant complains that the trial court abused its discretion in admitting two extraneous offenses in violation of the Texas Rules of Evidence. For the reasons set forth below, we affirm.

### FACTUAL AND PROCEDURAL SUMMARY

Appellant was arrested in a motel room where cocaine was discovered in plain view. At trial, appellant conceded to possession of the cocaine, but challenged the seizure of the cocaine, claiming that the

police officers did not have consent to enter the motel room. The jury was instructed to find appellant not guilty if they found there was no consent given to enter the motel room.

As part of a routine investigation, Houston Police Department Sergeant Collin P. Gerlich went to the Hollywood Inn Motel parking lot to look for stolen cars. After entering one of the car's license plate numbers into his computer, he received information that the car had been stolen. Officers David Zaunbrecher, Dennis Von Quintus, and Sergeant A.W. Williams of the Houston Police Department, arrived to assist Gerlich in investigating the charge. The three officers went to the hotel manager seeking information about the car and were directed to a hotel room occupied by appellant and Ms. Peters. Flanked closely by Gerlich, Williams knocked on the door and appellant answered it. After the officers told appellant they were looking for his wife, appellant called her to the door. Ms. Peters came to the door, and appellant stood approximately three feet behind her.

Sergeant Williams testified that after he received verbal permission from Ms. Peters to enter, he walked into the motel room behind her. As soon as Ms. Peters allowed the officers into the room, appellant moved away from the door and made a quick sweeping motion with his left hand near the dresser. Williams saw what appeared to be rocks of crack cocaine fly from appellant's hand. Appellant then took two quick steps toward the back of the room, and Williams yelled, "freeze." Appellant stopped immediately.

Appellant and Ms. Peters testified they did not consent to the officers' entry into the motel room. Ms. Peters testified that after appellant called her to the door, she walked outside immediately, rather than waiting in the doorway. Immediately thereafter, appellant closed the door behind her. Once outside, she testified that the officers took her into custody, and none of the officers asked her permission to enter the motel room. Appellant testified that after Ms. Peters went outside, he shut the door firmly behind her and a short time thereafter, Zaunbrecher entered the room without permission.

The officers seized the crack cocaine appellant discarded when they entered the room and arrested him for possession. Following appellant's arrest, the officers searched the motel room and found a large marijuana cigarette and a sawed-off shotgun. The shotgun was found in a bedroom under a bed.

At trial, the State introduced the marijuana and shotgun into evidence. Appellant objected, claiming the shotgun and the marijuana should not have been admitted into evidence because, under Texas Rule of Evidence 403, their probative value was substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading of the jury, and under Texas Rule of Evidence 404(b) the admission of the shotgun and the marijuana was improper as an extraneous offense. The trial court admitted the evidence over appellant's objection. In a single point of error, appellant contends the trial court erred in admitting evidence of the marijuana and the shotgun because they were not relevant to the issue of consent. We agree. However, finding the error harmless, we nonetheless affirm.

## STANDARD OF REVIEW

We review a trial court's ruling on the admission of evidence for an abuse of discretion. *See Weatherred v. State*, 15 S.W.3d 540, 542 (Tex.Crim.App.2000). A trial court abuses its discretion when its decision is so clearly wrong as to lie outside that zone within which reasonable

persons might disagree. *Webb v. State,* 36 S.W.3d 164, 176 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd).

### TEXAS RULE OF EVIDENCE 403

Appellant alleges, and we agree, that two rules of evidence control the outcome of our inquiry: rules 403 and 404(b). TEX.R. EVID. 403, 404(b). Each has a different focus, yet each applies here. We look first at Rule of Evidence 403. It favors the admission of relevant evidence, but discusses some of the reasons relevant evidence would be excluded. *Williams v. State,* 958 S.W.2d 186, 196 (Tex.Crim.App. 1997). The Rule in its entirety is stated as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.

TEX.R. EVID. 403.

The Rule requires exclusion of relevant evidence if the probative value of the evidence is outweighed by unfair prejudice. *Id.* In other words, exclusion of relevant evidence is required under Rule 403 when there is a clear disparity between the degree of prejudice of the offered evidence and its probative value. *Jones v. State,* 944 S.W.2d 642, 652–53 (Tex.Crim.App. 1996).

■ In weighing the probative value of offered evidence under Rule 403, a trial court considers (1) the evidence's inherent probative value; (2) its potential to impress the jury in some irrational but indelible way; (3) the amount of time the proponent needs to develop the evidence; and (4) the proponent's need for the evidence. *Wheeler v. State,* 67 S.W.3d 879, 888 (Tex. Crim.App.2002); *Montgomery v. State,* 810

S.W.2d 372, 389–90 (Tex.Crim.App.1990) (opinion on reh'g).

■ Because appellant did not contest the elements of possession, and the trial court carried the suppression issue with trial, virtually all of the testimony and argument centered on the issue of consent. *See Balentine v. State,* 71 S.W.3d 763, 773–74 (Tex.Crim.App.2002) (stating that a defendant is entitled to have a jury decide suppression issues if there is a factual dispute as to how the evidence was obtained). Indeed, it is plain from the record that the only issue tried by both the defense and the prosecution was the issue of consent. That is, direct-examination and cross-examination of all the witnesses bore primarily on whether Ms. Peters consented to the officers' entry into the hotel room. And, during summation, the predominant issue, argued by both appellant and the State, was the issue of consent. Both sides understood that appellant was not contesting the elements of possession; rather, he contested only the entry. The probative value of the shotgun and marijuana was plainly outweighed by the danger of unfair prejudice. *See Jones,* 944 S.W.2d at 653.

And, in applying the enumerated factors above, we find that the admission of the shotgun and the marijuana had an "undue tendency to suggest a decision on an improper basis." *See id.; Cohn v. State,* 849 S.W.2d 817, 820 (Tex.Crim.App.1993) (stating that unfair prejudice refers to a tendency to suggest a decision on an improper basis, commonly, an emotional one). The existence of the shotgun and the marijuana had little, if any, inherent value as it relates to the issue of consent to enter the motel room, but it had great potential to impress the jury in an indelible way. *See Montgomery,* 810 S.W.2d at 389–90. We cannot think of a reason that the prosecution would need the evidence, other than to

demonstrate, improperly, that appellant and his wife were probably lying on the stand about the issue of consent. Furthermore, if offered to prove the elements of possession, the evidence too was unfairly prejudicial, misleading, confusing, and cumulative because appellant admitted to all the elements.[1] In particular though, it is utterly irrelevant to the issue of consent, except that it would make it *less* likely that appellant or his wife consented to the entry. In sum, evidence of the shotgun and the marijuana was not probative to the contested facts—those surrounding the officer's entry into the motel room—and should not have been admitted.

### EXTRANEOUS OFFENSE EVIDENCE

■ The second evidentiary rule that applies to this case is Rule 404(b) of the Texas Rules of Evidence. It prohibits admitting evidence of other crimes, wrongs or acts in an attempt to prove that these crimes and/or acts exemplify the person's character and to show that the person acted in conformity with their character. Tex.R. Evid. 404(b). Thus, although evidence may be relevant, extraneous evidence is not admissible to prove the bad character of a person or to show action in conformity therewith. *Id.* The Rule is intended to ensure that a person is tried for the offense he has allegedly committed— not for the type of person he is. *Mayes v. State,* 816 S.W.2d 79, 86 (Tex.Crim.App. 1991) ("Evidence of a defendant's bad character traits possesses such a devastat-

ing impact on a jury's rational disposition towards other evidence, and is such poor evidence of guilt, that an independent mandatory rule was created expressly for its exclusion."); *Albrecht v. State,* 486 S.W.2d 97, 100 (Tex.Crim.App.1972) (noting that an accused is entitled to be tried on the accusation made in the State's pleading and not for some collateral crime or for being a criminal generally). The Court of Criminal Appeals has consistently acknowledged that the introduction of extraneous offenses to the jury is inherently prejudicial, because it requires the defendant to defend against not only the offense charged, but also his uncharged actions. *Abdnor v. State,* 871 S.W.2d 726, 738 (Tex. Crim.App.1994).

■ However, Rule 404(b) provides that extraneous offense evidence may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. But, because appellant admitted to all elements of the crime charged, none of these exceptions was at issue here.[2] *See Johnson v. State,* 68 S.W.3d 644, 650–51 (Tex.Crim.App.2002) (finding that identity must be an issue in the case for extraneous offense evidence to be admissible). Therefore, the marijuana and shotgun were not admissible under the stated exceptions to Rule 404(b) because the extraneous evidence was not needed to show motive, intent, preparation, plan or

---

1. We acknowledge the concurring opinion's position that the evidence was properly admitted because the State had the burden to produce evidence for each element of the crime charged. However, in our case, where the defendant is admitting to the elements from the outset of trial and, even takes the stand and admits to the charged offense, it makes little difference in the application of Rules 404(b) and 403 whether the burden is on the State because the State has sufficient evidence to meet its burden without the intro-

duction of the irrelevant bad character evidence.

2. We have reviewed the cases cited by the concurring opinion concluding the evidence was admissible under 404(b), and find them either distinguishable (because the defendant in each of those cases denied the offense charged), or the authority was simply taken out of context.

knowledge. *See Castaldo v. State*, 78 S.W.3d 345, 351 (Tex.Crim.App.2002) (finding evidence relevant to show knowledge, the contested issue in the case); *Vasquez v. State*, 67 S.W.3d 229, 239–40 (Tex.Crim. App.2002) (concluding extraneous evidence was admissible to show motive); *Wheeler v. State*, 67 S.W.3d at 888 (finding extraneous evidence admissible because issue of whether offensive touching had actually occurred was a "hotly contested issue"); *Powell v. State*, 63 S.W.3d 435, 439 (Tex. Crim.App.2001) (explaining that bad character evidence may be admissible to a fact of consequence, such as rebutting a defensive theory).

The type of evidence that does not violate Rule 403(b) directly relates to a fact of consequence in the case. *Powell*, 63 S.W.3d at 438. An example of this type of evidence would be evidence that rebuts a defensive theory. *Id.* Here, there was no defensive theory related to the offense alleged because appellant admitted to the offense alleged. Appellant did contest consent to search, but neither of these extraneous offenses—having a shotgun and marijuana—directly relates to a fact of consequence in the consent issue.

■ Nonetheless, the State argues the extraneous offenses were admissible as "same transaction contextual evidence." *See Rogers v. State*, 853 S.W.2d 29, 32 (Tex.Crim.App.1993). Specifically, the State contends evidence of the marijuana and shotgun was admissible to show the context in which the crime occurred. Indeed, even when character evidence is not relevant to an issue to be properly proved at trial, it may be admissible as same transaction contextual evidence when the other crimes or bad acts are so intertwined that testimony cannot be given regarding one crime or act without the showing of the other(s). *Buchanan v. State*, 911

S.W.2d 11, 15 (Tex.Crim.App.1995) (explaining that same transaction contextual evidence is evidence when several crimes are intermixed or blended with one another, or connected so they form an indivisible criminal transaction); *Mayes v. State*, 816 S.W.2d at 86–87; *Taylor v. State*, 420 S.W.2d 601, 605–06 (Tex.Crim.App.1967).

■ This is not one of those cases. Same transaction contextual evidence is admissible only when the offense would make little or no sense without also bringing in the same transaction evidence. *Wyatt v. State*, 23 S.W.3d 18, 25 (Tex. Crim.App.2000); *Pondexter v. State*, 942 S.W.2d 577, 583–85 (Tex.Crim.App.1996). Nor do we believe that the evidence of the shotgun and the marijuana was so intertwined with the issue of consent that the jury could not understand the testimony without it. *See Garrett v. State*, 875 S.W.2d 444, 447 (Tex.App.-Austin 1994, pet. ref'd). On the contrary, the testimony concerning the consent of the officers could have been easily understood, and certainly more clear, without the introduction of the extraneous evidence. *See Wyatt*, 23 S.W.3d at 25. And, it would have been a simple matter to describe the circumstances surrounding the entry without mentioning the shotgun under the bed and the marijuana cigarette burning in the ashtray. *See Mayes*, 816 S.W.2d at 86 n. 4. In short, because the evidence did not directly relate to a fact of consequence in the case and was intended to prove that appellant acted in conformity with a(bad) character, the evidence fell within Rule 404(b)'s prohibition. Moreover, the shotgun was not necessary to the jury's understanding of the offense or the circumstances concerning the entry; it was not admissible as an exception under Rule 404(b). The trial court erred in admitting

the evidence.[3]

## HARM ANALYSIS

■ Even though we have decided the court erred in admitting the evidence, our inquiry does not end there. Any error other than constitutional error that does not affect a substantial right must be disregarded. TEX.R.APP. P. 44.2(b). The erroneous admission of an extraneous offense does not constitute constitutional error. *Avila v. State*, 18 S.W.3d 736, 741–42 (Tex.App.-San Antonio 2000, no pet.). The substantive right affected by the admission of an extraneous offense is the right to a fair trial. *See Garza v. State*, 963 S.W.2d 926, 931 (Tex.App.-San Antonio 1998, no pet.).

■ An error affects a substantial right when the error had a substantial and injurious effect or influence on the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App.1997). If the error had no influence or only a slight influence on the verdict, it is harmless. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex.Crim.App. 1998). However, if we harbor "grave doubts" the error did not affect the outcome, we must treat the error as if it did. *See Webb v. State*, 36 S.W.3d at 182–83.

■ In assessing the likelihood that the error adversely affected the jury's decision, we consider everything in the record, including all testimony and evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error, and how the error might have been considered in connection with other evidence in the case. *See Morales v. State*, 32 S.W.3d 862, 867 (Tex.Crim.App.2000). We may also consider the State's theory of the case, any defensive theories, closing arguments, and voir dire. *See id.*

The State has alleged that, if the court erred in admitting extraneous offenses, the error was harmless. After examining the record in its entirety, we have to agree; we cannot say that the trial court's erroneous admission of the extraneous offense evidence warrants reversal.

■ It is true that when the trial court admits evidence of an extraneous offense as irrelevant evidence of character conformity, the defendant's right to a fair trial is affected. *See Macias v. State*, 959 S.W.2d 332, 340 (Tex.App.-Houston [14th Dist.] 1997, pet. ref'd). And, here, it appears that the evidence was admitted for the sole purpose of damaging appellant's credibility. Specifically, in summation, the prosecutor stated four times that the officers had found a "large amount of crack cocaine, marijuana, and a sawed-off shotgun" in the motel room. Additionally, the prosecutor argued to the jury as follows:

> You are the judges of the credibility of the witnesses. That's your job. And it's your job to weigh the stories you heard and to decide which of them is telling the truth.

\* \* \* \*

The only issue in this case is whether or not they had consent to go into that

---

**3.** The State contends that "[e]ven if there had been no consent, Sergeant Williams was justified in entering the motel room because exigent circumstances were present; specifically, he perceived a danger to himself when he observed appellant make a quick move turning to the back of the room." Not only was the jury not asked to consider exigent circumstances, but the police officers who testified at trial stated the exigent circumstances, if any, occurred after Ms. Peters gave her consent to enter the motel room. Because the issue of exigent circumstances was not before the jury or included in the charge, the State could not introduce evidence of extraneous offenses to show such circumstances. *See generally,* TEX.R. EVID. 401 & 404(b).

motel room. The only issue is whether or not [Ms. Peters] did agree to let them in, and that's it. You got an easy job. That's all you have to decide today.

What else do we know about the defendant? We're talking credibility here. We know he has got three prior felony convictions, we know he is on parole, we know he is [sic] committed numerous parole violations. He testified to all those up there on the witness stand when he took the stand. He admitted that the crack cocaine was his, to having a large amount of crack cocaine in his possession, and the marijuana. We also know that the defendant, he is a felon, had a sawed-off shotgun in his motel room. We know all this. Who are you going to believe?

The State's closing was clearly improper. However, we do not harbor grave doubts that the error affected the outcome of the trial. *See Webb,* 36 S.W.3d at 182–83. Despite the stress placed on the shotgun and the marijuana, other admissible evidence may have persuaded the jury to convict appellant. Namely, appellant admitted (1) to having three prior felony convictions and a misdemeanor conviction; (2) to being on parole when he was arrested; and (3) to being under the influence of narcotics when arrested. *See King,* 953 S.W.2d at 271. With this plethora of bad facts in evidence against appellant, we cannot say that the use of the shotgun and marijuana cigarette had a substantial and injurious effect or influence on the jury's verdict.

For these reasons, we affirm the judgment of the trial court.

BRISTER, C.J. concurs.

SEYMORE, J. dissents.

SCOTT BRISTER, Chief Justice, concurring.

I disagree with the Court that admission of the contested evidence in this case was error. Sometimes the rules of evidence require us to say "Pay no attention to that sawed-off shotgun within easy reach." Normally, we should hesitate to do so, both because we are not the ones who must face the consequences of a mistake, and because it may interfere with jurors' expectations.[1] But because the Court finds this alleged error to be harmless, I concur in its judgment.

### The Relevance to the Charge

I disagree that appellant did not contest possession in this case. He did not plead guilty, nor did he stipulate to a single element of the prosecution's case. Defense counsel's statement during voir dire that appellant did not contest the possession charge was not evidence, and did not relieve the State of its burden of proof. *See Harris v. State,* 784 S.W.2d 5, 26 (Tex. Crim.App.1989) (reiterating that statements made in voir dire are not evidence); TEX.CRIM. PROC.CODE art. 1.15 (requiring State to produce evidence on each element in felony guilty pleas); *see also Bigby v. State,* 892 S.W.2d 864, 883 (Tex.Crim.App. 1994) (finding extraneous offense evidence admissible to meet State's burden of proof despite defendant's insanity defense). Nor could appellant's testimony limit the

---

1.  "If suddenly the prosecution presents some occurrence in the series [of its proof] differently, as by announcing a stipulation or admission, the effect may be like saying, 'never mind what's behind the door,' and jurors may well wonder what they are being kept from knowing. A party seemingly responsible for cloaking something has reason for apprehension, and the prosecution with its burden of proof may prudently demur at a defense request to interrupt the flow of evidence telling the story in the usual way." *Old Chief v. United States,* 519 U.S. 172, 189, 117 S.Ct. 644, 654, 136 L.Ed.2d 574 (1997).

State's evidence, as his concession came after the contested evidence was offered during the State's case-in-chief.

At the end of the trial, the court charged the jury to decide whether appellant was guilty of possession of cocaine.[2] The jury was instructed to acquit if consent to search *or any element of the possession charge* was not proved beyond a reasonable doubt. The challenged evidence was certainly relevant to the latter.

Appellant's possession of the shotgun was admissible to prove he knew the cocaine was illicit, and knowingly possessed it. *See, e.g., Johnigan v. State,* 69 S.W.3d 749, 755–56 (Tex.App.-Tyler 2002, pet. ref'd) (finding possession of gun relevant to show control and dominion over cocaine); *Hawkins v. State,* 871 S.W.2d 539, 541 (Tex.App.-Fort Worth 1994, no pet.) (same); *Levario v. State,* 964 S.W.2d 290, 296–97 (Tex.App.-El Paso 1997, no pet.) (finding evidence of handgun admissible to show defendant's willingness to protect narcotics). The presence of the shotgun and marijuana is also admissible to prove appellant's knowledge of and control over the cocaine. *See Hyett v. State,* 58 S.W.3d 826, 830 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd) (listing presence of other contraband as "affirmative link" from which to infer knowledge and control); *Levario,* 964 S.W.2d at 295 (considering presence of marijuana in sufficiency review); *see also Moore v. State,* 983 S.W.2d 15, 21 (Tex.App.-Houston [14th Dist.] 1998, no pet.) (finding previous drug activity admissible to prove identity). Alternatively, given the connection in time and location between the shotgun and the cocaine, this evidence was admissible as same-transaction contextual evidence. *See Malone v. State,* 849 S.W.2d 414, 420 (Tex.App.-Beaumont 1993, no pet.) (holding handgun

found in search of car after arrest was relevant res gestae evidence); *United States v. Killian,* 639 F.2d 206, 211 (5th Cir.1981) (finding pistols were "inextricably intertwined" with rest of offense); *State v. Rodriguez,* 781 So.2d 640, 645 (La.Ct.App.2001) (finding gun was relevant to provide narrative completeness).

Evidence does not become irrelevant merely because it could be proved some other way, such as by an admission by the defendant. *Old Chief v. United States,* 519 U.S. 172, 179, 117 S.Ct. 644, 649, 136 L.Ed.2d 574 (1997). Nor does it become irrelevant just because it is undisputed. *Id.* A defendant cannot avoid the full force of the facts by selectively stipulating to some of the evidence. *Id.* at 186–87, 117 S.Ct. 644. The prosecution must prove its case, and may do so even if the defendant would prefer a more antiseptic version. *See United States v. Hill,* 249 F.3d 707, 712 (8th Cir.2001) (admitting extraneous evidence of intent despite offer to stipulate); *see also United States v. Tan,* 254 F.3d 1204, 1213 (10th Cir.2001).

It is true a defendant may force the State to stipulate to jurisdictional facts unrelated to the facts of the alleged crime, if the probative value is outweighed by potential prejudice. *Old Chief,* 519 U.S. at 190, 117 S.Ct. at 654–55 (holding that in prosecution of felon for possessing a firearm, government was required to accept stipulation of felon's status rather than offer proof of nature of prior felony); *Robles v. State,* 85 S.W.3d 211 (Tex.Crim. App. 2002) (holding that in prosecution for third or subsequent DWI, State was required to accept stipulation that defendant had two prior convictions rather than offer proof of prior convictions). But this case involved neither proof of jurisdictional

---

2. In fact, the only narrowing of issues in the charge was the admonition to the jury to "restrict your deliberations solely to the issue of guilt or innocence of the defendant."

facts nor a defendant's offer of a stipulation. Thus, I would hold the evidence was relevant and admissible.

### The Relevance to Consent

Even if the only issue in the case had been consent to the search, I believe the challenged evidence was still admissible. Appellant signed a written statement at the scene that included several excuses for what occurred—blaming the presence of crack cocaine on his uncontrollable drug addiction, stating that he did not know the car under investigation had been reported stolen, and asserting the gun under the bed belonged to "a friend." But as the prosecutor argued throughout the case, appellant mentioned nothing in the statement about improper entry of the room. Although defense counsel argued this omission was because appellant was "not a lawyer," appellant admitted he had gained rather extensive personal knowledge of criminal law and police procedures from his prior experiences with the justice system, and did not lock the motel room door because he knew the police could not enter without a warrant. Excluding all references to the shotgun (including appellant's excuses) would have weakened the State's argument that appellant did not mention unauthorized entry into the room in his statement because he made it up later.

Second, the State's offer of appellant's entire statement bore on the credibility of the police. The statement was signed by appellant but written out by one of the police officers. Admission of appellant's statement with all its exculpatory explanations (including his denial that the shotgun was his) was relevant to show the police were telling the truth, not that appellant was lying.

Further, throughout the trial the defense sought to portray the police as men who would do anything to get access to the motel room. The police testified they sought entry only for Ms. Peters's privacy and their own safety. Defense counsel questioned whether they really believed it was better to interview Ms. Peters in the motel room rather than outside, or at the police station. On this question, the presence of the hidden shotgun gave vivid confirmation to the officer's testimony that routine precautions precluded standing outside an occupied motel room without knowing who or what might be inside.

Finally, defense counsel opened the door to the challenged evidence by offering proof that a can and razor blade were found in the room, and suggesting that the crack cocaine was for personal use, not sale.[3] Although appellant was not charged with distribution, apparently his counsel offered this evidence (though not directly relevant) to make sure the jurors did not assume otherwise. In these circumstances, the State should be allowed to offer the presence of gun, which might suggest some activity other than recreational use. *See Menefee v. State,* 928 S.W.2d 274, 277 (Tex.App.-Tyler 1996, no pet.) (finding presence of pistol probative of whether defendant was conducting narcotics operation).

### Harmless Error and the Final Argument

Our respected dissenting colleague would hold the trial court's admission of this evidence was not harmless because it was used for the sole purpose of damaging appellant's credibility. As shown above, I do not believe that was the case. Moreover, I agree with the Court that it likely

---

**3.** There was conflicting testimony whether the amount of cocaine found was very large (thus suggesting intent to sell) or rather ordinary (thus suggesting only personal use).

had no effect on the verdict. Appellant admitted three prior felony convictions: unauthorized use of a motor vehicle, auto theft, and burglary of motor vehicle. He also volunteered a recent conviction for misdemeanor marijuana possession. His wife admitted prior convictions for forgery and possession of a controlled substance. Appellant also admitted he was under the influence of narcotics when the occurrence took place, and was trying to dispose of the 25 to 30 rocks of crack cocaine when the officers "burst" into the room. In sum, there were many uncontested reasons to doubt the Peters's testimony besides the presence of marijuana and a shotgun.

The prosecutor did mention these matters in closing argument, but only in response to an argument by appellant's counsel. In his closing, defense counsel argued the jury could sustain his constitutional claim without fear of harm to the community because "my client is not going anywhere because the parole board will still have jurisdiction over him." In response, the prosecutor pointed out appellant admitted possessing and using crack cocaine, marijuana, the shotgun gun, and alcohol—all of which were violations of his conditions of parole. Given the defense argument, I believe it only fair for the State to respond that supervision by the parole board had little effect on appellant's behavior in the past.

For these reasons, I join the Court in affirming the trial court's judgment.

CHARLES W. SEYMORE, Justice, dissenting.

I respectfully dissent.

The court correctly concludes that counsel for the State, over proper and timely objection by counsel for the accused, presented evidence that was not relevant and the probative value of such evidence was plainly outweighed by the danger of unfair prejudice. I would conclude that erroneous admission of such evidence is harmful error, especially after counsel for the state mentioned the evidence four times during closing argument. It is my considered opinion that this error had a substantial and injurious effect or influence on the jury's determination of a twenty-five year sentence. See *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App.266, 271); *Kotteakos v. U.S.*, 328 U.S. 750, 766, 66 S.Ct. 1239, 1249, 90 L.Ed. 1557 (1946). Accordingly, I would reverse the judgment of the trial court and remand this case for a new trial.