Affirmed and Memorandum Opinion filed May 11, 2004









Affirmed and Memorandum Opinion
filed May 11, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-01217-CR

_______________

 

GREGORY LYNN BOX, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_________________________________________________________

 

On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 893,715

_________________________________________________________

 

M E M O R A N D
U M   O P I N I O N

A jury found appellant, Gregory Lynn Box, guilty of
aggravated sexual assault of a child.  In
two issues, he contends the trial court erred in (1) sustaining the State=s objection to his jury argument, and
(2) admitting a videotaped interview of the complainant.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4. 








Background

In February 2001, ten year old L.G. spent the night at
appellant=s house.  Appellant and his family were L.G.=s family=s neighbors, and L.G. was friends
with appellant=s son. According to L.G., she went to
sleep on the bottom bunk of a bunk bed and awoke in the middle of the night
with her pants and panties removed. 
Appellant was in the bed with her licking her Aprivate part.@ 
In October 2001, L.G. told her mother about the incident.  A Children=s Assessment Center (CAC) employee
conducted a videotaped interview of L.G., during which L.G. repeated the
allegations she had made to her mother.

Jury Argument

In his first issue, appellant contends the trial court erred
in sustaining the State=s objection to a portion of his jury argument.  During closing argument, appellant argued the
State had not offered his statement to police into evidence because it was Agood for him and they don=t want it in.@ 
The trial court sustained the State=s objection based on Afacts not in evidence@ and instructed the jurors to
disregard.








The permissible areas of jury argument are (1) summation of
the evidence, (2) reasonable deductions from the evidence, (3) answer to the
argument of opposing counsel, and (4) plea for law enforcement.  Guidry v. State, 9 S.W.3d 133, 154
(Tex. Crim. App. 1999).  Appellant
urges his argument was proper because it was a fair and reasonable deduction
based on the State=s failure
to offer the statement into evidence. 
Appellant bases his contention on the established rule that a party may
comment on the other party=s failure
to call a witness, and argue that the reason for the failure is that the
testimony would be unfavorable.  See
Albair v. State, 739 S.W.2d 360, 363 (Tex. Crim. App. 1987).  Nevertheless, a party may not invite the jury
to speculate on evidence not presented. 
Wesbrook v. State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000); Cooks
v. State, 844 S.W.2d 697, 728 (Tex. Crim. App. 1992).  As appellant points out, his police statement
was not admitted into evidence. 
Therefore, appellant=s jury
argument was improper.  See Cooks,
844 S.W.2d at 728 (argument that invited jury to speculate on the
contents of a police statement not in evidence was improper).  We overrule appellant=s first
issue.

Admission
of Videotape

In his second issue, appellant contends that the trial court
erred by admitting L.G.=s videotaped interview conducted at the CAC into
evidence.  Appellant claims the
statements on the videotape (1) are hearsay, (2) do not satisfy the outcry
exception to the hearsay rule, and (3) are unfairly prejudicial.[1]  We review a trial court=s ruling on the admissibility of
evidence for an abuse of discretion.  Weatherred
v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). 
We must
uphold the trial court=s ruling
if it was within the zone of reasonable disagreement.  Id. 


Hearsay

First, Appellant contends the
videotape is hearsay.  The State responds
with an assertion that the videotape is not hearsay because it was not offered
to prove the truth of the matter asserted, but as a prior consistent statement.
 See Tex. R. Evid. 801(e)(1)(B). 
Under this rule, a party may introduce a prior consistent statement if
the declarant testifies at trial, is subject to cross-examination, and the
statement Ais offered to rebut an express or
implied charge against the declarant of recent fabrication or improper
influence or motive.@  During his opening statement, appellant said

Sometimes children will
say unrealistic things to meet realistic needs. 
Put it another way, children will make up a story to get what they need.

You will hear about false
allegations . . . not supported by any evidence. . . . Not supported by
possibilities.  And not supported by
common sense.








You are going to hear
testimony that she wanted to get her mother back with her father who lived in
Corpus Christi.  That=s what she wanted and what
she needed. 

Appellant also asked several of
the State=s witnesses whether a child would
lie about sexual assault allegations. 
During L.G.=s
testimony, appellant asked her whether she remembered Afor sure@ that she
was on the bottom bunk.  When she
responded that she was on the bottom bunk appellant asked, ADo you
remember telling . . . Tammy from the Assessment Center you were actually on
the top bunk?@ 
Further, appellant questioned L.G.=s mother
about L.G.=s failure to give her certain
details about the offense.  Appellant also
asked L.G.=s mother about her divorce from
L.G.=s father
and asked her whether it was hard on a child not having both parents
around.  Appellant also questioned L.G.=s father
about the divorce and his recent remarriage. 
Specifically, he asked him whether it was difficult on a child when one
of her parents remarried, and if this would cause a child to feel abandoned.     Therefore,
appellant attempted to show L.G. related facts to the CAC interviewer that were
inconsistent with her testimony at trial, and she was motivated to lie because
of her father=s remarriage and her desire to
see her parents reunited.  Accordingly,
L.G.=s
consistent statements in her videotaped interview were admissible to rebut
appellant=s charge of recent fabrication
and improper motive.  See Dowthitt v.
State, 931 S.W.2d 244, 263 (Tex. Crim. App. 1996).  Accordingly, the trial court did not abuse
its discretion in admitting the videotape.[2]


Prejudicial Nature vs. Probative Value








Appellant also contends the trial
court abused its discretion in admitting the videotape because its prejudicial
nature was substantially outweighed by its probative value.  See Tex.
R. Evid. 403.  Relevant evidence
must be excluded under Rule 403 when there is a clear disparity between the
degree of prejudice of the evidence and its probative value.  Jones v. State, 944 S.W.2d 642, 652
(Tex. Crim. App. 1996).  Rule 403 favors
admission of relevant evidence and carries a presumption that it will be more
probative than prejudicial.  Id.  In determining whether evidence is more
probative than prejudicial, a trial court considers factors including (1) the
inherent probative value of the evidence; (2) its potential to impress the jury
in some irrational but indelible way; (3) the amount of time required by the
proponent to develop the evidence; and (4) the proponent=s need
for the evidence.  Peters v. State,
93 S.W.3d 347, 351 (Tex. App.CHouston
[14th Dist.] 2002, pet. ref=d)
(citing Wheeler v. State, 67 S.W.3d 879, 888 (Tex. Crim. App.
2002)).

L.G.=s
credibility was contested at trial. 
During cross-examination of L.G., appellant=s counsel
suggested that she had given the CAC interviewer a different version of the
offense.  Appellant=s counsel
also implied that L.G. may have been motivated to lie by her father=s recent
remarriage.  The trial court could have
reasonably concluded the videotape had probative value for rebuttal of
appellant=s implications.  

Appellant claims any probative
value is substantially outweighed by the danger of unfair prejudice arising
from L.G.=s Aemotional
outburst@ on the
videotape.  Appellant claims L.G.=s crying
injected an emotional aspect into the trial that did not otherwise exist.  The videotaped interview lasted nearly forty
minutes.  At one point, L.G. was on the
verge of tears.  She continued talking
until the interviewer left the room to get her a tissue.  While the interviewer was gone, L.G. hugged a
stuffed animal and took deep breaths.  By
the time the interviewer returned, she was calm again.  This showing of emotion lasted one and a half
minutes.  L.G. was not, as appellant
contends, sobbing; at no point was she unable to speak or continue with the
interview.








We do not find L.G.=s limited
display of emotions created or caused unfair prejudice that
substantially outweighed the probative value of L.G.=s verbal
responses and behavior depicted in the videotape.  A>Unfair
prejudice= does not, of course, mean that
the evidence injures the opponent=s case C the
central point of offering evidence. 
Rather it refers to >an undue
tendency to suggest decision on an improper basis, commonly, though not
necessarily, an emotional one.=@  Cohn v. State, 849 S.W.2d 817, 820
(Tex. Crim. App. 1993) (quoting Goode, et al., Texas Practice: Texas Rules
of Evidence: Civil and Criminal, ' 403.2
(1988), at 93).  Accordingly, we cannot
say the trial court abused its discretion in holding the probative value of the
interview outweighed the danger of unfair prejudice.  We overrule appellant=s second
issue.

The judgment of the trial court is affirmed.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed May 11, 2004.

Panel consists of
Justices Fowler, Edelman, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  Although
appellant made these objections at trial, the State claims he has failed to
preserve this issue for appeal.  The
State claims appellant is complaining only about the admission of the visual
portion of the videotape which he did not specifically object to.  However, contrary to the State=s contention, appellant is complaining about the
admission of the audio portion of the videotape.





[2]  Because we
have concluded the statements were not hearsay, we need not address appellant=s contention that the statements were not outcry.