NO.
07-08-0448-CR

 

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
D

 

                                                            FEBRUARY 9, 2010

 

                                            ______________________________

 

 

                                               DEWAIN JENNINGS, APPELLANT

 

                                                                            V.

 

                                             THE STATE OF TEXAS, APPELLEE

 

                                         _________________________________

 

                          FROM THE 242ND
DISTRICT COURT OF HALE COUNTY;

 

                               NO. B17509-0801;
HONORABLE ED SELF, JUDGE

 

                                           _______________________________

 

 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 

 

                                                      MEMORANDUM
OPINION

 

 








Appellant, Dewain Jennings, was convicted by a jury of possession of
less than one gram of a controlled substance, to-wit: cocaine, a state jail
felony; Tex. Health & Safety Code ' 481.115(b) (Vernon 2003),[1]
and sentenced to confinement for two years. 
By two issues, Appellant asserts the evidence is legally and factually
insufficient to support his conviction. 
We affirm.  

                                                                  Background

On September 18, 2007, at approximately 12:00 a.m., Officers James
Christopher Hall and Richard Reyes of the City of Plainview Police Department
were dispatched to Room 117 of the Villa Motel to investigate a complaint that
two women were using drugs in front of children.  

After arriving at the motel, they identified Room 117 and knocked on
the door.  Appellant answered.  He was smoking a cigar.  The officers smelled the odor of burnt
marihuana and asked Appellant to step outside where he was detained and
handcuffed.  Appellant informed the
officers he was smoking marihuana and there was a bag of marihuana in the room
atop the refrigerator.  He also indicated
the room was his and gave the hotel address as his own.

Inside the room,[2]
the officers observed two women sitting on the bed.  With consent, the officers searched their
purses and discovered a crack cocaine pipe in one purse.  Atop the refrigerator, the officers located a
bag of marihuana.  Approximately ten feet
across the room opposite the refrigerator, a microwave oven sat on a
table.  On top of the oven, approximately
chest high in plain view, the officers observed a white powdery substance atop
a playing card that was field tested and identified as cocaine.[3]  The officers arrested Appellant for
possession of a controlled substance and one female for possession of drug
paraphernalia.  

Kishor Bhakta, owner and manager of the Villa Motel, testified the room
was registered to AMa Inez Torres@ for September 17 and 18.  He also testified he had seen Appellant
around the motel a significant amount of time. 


On the trial=s conclusion, the jury found Appellant guilty of
possession of a controlled substance, cocaine, in an amount of less than one
gram and sentenced him to two years confinement.  After the trial court issued its Judgment of
Conviction, Appellant filed this appeal.

                                                                   Discussion

In two issues, Appellant asserts the evidence is legally and factually
insufficient to establish he exercised actual care, control, custody or
management over the cocaine.








I.             
Standard(s)
of Review

When an appellant challenges both legal
and factual sufficiency, we are required to conduct an analysis of the legal
sufficiency of the evidence first and then, only if we find the evidence to be
legally sufficient, do we analyze the factual sufficiency of the evidence. Clewis v. State, 922
S.W.2d 126, 133 (Tex.Crim.App. 1996). 
In assessing the legal sufficiency of the evidence, we review all the
evidence in the light most favorable to the verdict to determine whether any
rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt.    Jackson v. Virginia, 443
U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Hooper v. State, 214 S.W.3d 9, 13 (Tex. 2007).

            In a factual sufficiency review, we
must consider all of the evidence in a neutral light to determine whether a
jury was rationally justified in finding guilt beyond a reasonable doubt.  See
Watson v. State, 204 S.W.3d 404, 415
(Tex.Crim.App. 2006).  In our analysis,
we must determine whether the evidence supporting the verdict is so weak or so against the great weight and preponderance of
the evidence as to render the verdict manifestly unjust.  See
Steadman v. State, 280 S.W.3d 242, 246
(Tex.Crim.App. 2009).  A wrong and unjust
verdict includes instances in which the jury’s findings “shocks the
conscience,” or clearly demonstrates bias. 
See Grotti v. State, 273 S.W.3d 273, 280 (Tex.Crim.App. 2008).  In doing a factual sufficiency review, we
must be mindful that a jury has already passed on the facts and must give due
deference to the determinations of the jury. 
See Lancon v. State, 253 S.W.3d 699, 704-05 (Tex.Crim.App. 2008).  If our decision is to set 

 class=Section4>

aside
the verdict of the jury, our opinion should clearly explain how the evidence
supporting the verdict is too weak on its own or how the contradicting evidence
so greatly outweighs the evidence in support of the verdict.  See
id.  Conversely, if our decision is
to uphold a verdict, we are required to consider the most important evidence
that the appellant claims undermines the jury's verdict and explain why that
evidence does not have the persuasive force the appellant believes is
sufficient to overturn the verdict.  See Sims v. State, 99
S.W.3d 600, 603 (Tex.Crim.App. 2003).

            In a sufficiency of the evidence
review, the essential elements of the offense are those of a hypothetically
correct jury charge for the offense in question (i.e., one that accurately sets
out the law and adequately describes the offense for which the appellant was
tried without increasing the state’s burden of proof or restricting the state’s
theory of criminal responsibility.)  Hooper, 214 S.W.3d at 14;
Malik v. State, 953 S.W.2d 234, 240
(Tex.Crim.App. 1997). 

            In our review, we consider both
direct and circumstantial evidence and all reasonable inferences that may be
drawn from that evidence.  Hooper, 214 S.W.3d at
13.  Circumstantial evidence alone
is sufficient to establish the guilt of the accused and the standard of review
as to the sufficiency of the evidence is the same for both direct and
circumstantial evidence cases.   Id.  Each
fact need not point directly and independently to the guilt of the accused, so
long as the cumulative force of all the evidence, when coupled with reasonable
inferences to be drawn from that evidence, is sufficient to support the
conviction.  Evans v. State, 202 S.W.3d 158, 166
(Tex.Crim.App. 2006).

 

II.         Possession of a Controlled Substance

A conviction for possession of cocaine is supported only when the
defendant Aknowingly or intentionally possesses@ the drug.  See
Tex. Health & Safety Code Ann. 481.115(a) (Vernon 2003).  Proof of possession requires evidence the
accused exercised Aactual care, custody, control, or management@ over the substance. 
See Tex. Health & Safety Code Ann. 481.002(38) (Vernon
2003).  Thus, the State must prove the
accused (1) Aexercised care, custody, control, or management over
the [contraband]@ and (2) knew that the substance Apossessed@ was contraband.[4]  Martin v. State, 753
S.W.2d 384, 386 (Tex.Crim.App. 1988). 









When the accused is not in exclusive control of the place where the
contraband is found, the State must establish care, custody, control or
management by linking the accused to the substance through additional facts and
circumstances.  See Evans v. State,
202 S.W.3d 158, 161-62 (Tex.Crim.App. 2006); Poindexter v. State, 153
S.W.3d 402, 406 (Tex.Crim.App. 2005). 
Whether the State=s evidence is direct or circumstantial, its evidence
of links must establish, Ato the requisite level of confidence, that the
accused=s connection with the drug was more than just
fortuitous.@  Poindexter,
153 S.W.3d at 405-60 (citing Brown v. State, 911 S.W.2d 744, 747
(Tex.Crim.App. 1995); Park v. State, 8 S.W.3d 351, 353 (Tex.App.BAmarillo 1999, no pet.).

            The
many factors by which an accused may, under the unique circumstances of each
case, be sufficiently Alinked@ to the contraband, include: (1) the defendant=s presence when a search is conducted; (2) whether
the contraband is in plain view; (3) the defendant=s proximity to and the accessibility of the
contraband; (4) whether the defendant was under the influence of contraband
when arrested; (5) whether the defendant possessed other contraband or
narcotics when arrested; (6) whether the defendant made incriminating
statements when arrested; (7) whether the defendant attempted to flee; (8)
whether the defendant made furtive gestures; (9) whether there was an odor of
contraband; (10) whether other contraband or drug paraphernalia were present;
(11) whether the defendant owned or had the right to possess the place where
the drugs were found; (12) whether the place where the drugs were found was
enclosed; (13) whether the defendant was found with a large amount of cash; and
(14) whether the conduct of the defendant indicated a consciousness of
guilt.  Evans, 202 S.W.3d at 162 n.12.  See
Triplett v. State, 292 S.W.3d 205, 208 (Tex.App.BAmarillo 2009, pet. ref’d.) (numerous factors listed). 
These factors, however, are simply that Bfactors
which may circumstantially establish the sufficiency of evidence offered to
prove a knowing Apossession.@  Evans,
202 S.W.3d at 162 n.12 (AThey are
not a litmus test.@).  It is not the number of links that is dispositive,
but rather the logical force of all the evidence.  Id. at 162. 








III.        Legal Sufficiency

    Appellant correctly states
that mere presence at a location where drugs are found is insufficient by
itself to establish actual care, custody, or control of the drugs.  Evans, 202 S.W.3d at
162.  However, presence, proximity,
and plain view, when combined with other evidence, either direct or
circumstantial, may well be sufficient to establish Apossession@ beyond a reasonable doubt.  Id.

Here, the State has produced evidence of the presence of at least eight
of the fourteen factors cited in Evans. 
Appellant answered the officers= knock at the door;[5]
he asserted the room was his and gave the address of the Villa Motel as his own
during booking;[6]
he was using marihuana and was under its influence when arrested;[7]
he was present when the search was conducted;[8]
the cocaine and bag of marihuana were in plain view, easily accessible and in
close proximity;[9]
the drugs were recovered from an enclosed spaceBa
small hotel room;[10]
and the room smelled of burnt marihuana.[11]    

Although no direct evidence shows Appellant exercised care, control,
and/or management over the cocaine found in the motel room, the State presented
sufficient circumstantial evidence to allow a reasonable jury to rationally
infer and find beyond a reasonable doubt that Appellant possessed the
cocaine.  See Park, 8 S.W.3d at
353-54 (upholding conviction on evidence that accused controlled hotel room,
drugs were in plain view and accessible to accused, room smelt of burnt
marihuana, accused and guest were only two persons in the room); Levario,
964 S.W.2d at 295 (upholding conviction on evidence of accused inhabiting the
room, his proximity to the drug, the accessibility of the drug to the accused,
and the drug=s visibility). 
Therefore, we find the evidence legally sufficient to support the
conviction.  Appellant=s first issue is overruled.

IV.       Factual Sufficiency

The evidence relevant to Appellant=s guilt was essentially uncontradicted.  Disputing the inferences to be drawn from the
facts, Appellant argues the facts demonstrated he was merely in the motel room
and not using cocaine.  In support, he
asserts: (1) one of the females was linked to the cocaine because she was
carrying a crack cocaine pipe in her purse; (2) the motel room was registered
in another person=s name; (3) officers did not observe Appellant close
to the cocaine; (3) Appellant appeared surprised when the officers discovered
cocaine in the room; (4) Appellant had no drug paraphernalia on his person; and
(5) only traces of cocaine were found in the room.[12]  On the other hand, Officer Reyes and DPS=s Williams testified at trial that the type of
cocaine found in the motel room was typically taken through the nose or
injectedBnot smoked in a pipe.  In addition, although the room was registered
to another person, Bhakta, the motel=s owner/manager, had noticed Appellant at the motel
a significant amount of time.








            We
are not free to weigh the evidence merely because a different result may be more
reasonable.  Clewis
v. State, 922 S.W.2d 126, 135 (Tex.Crim.App. 1996).  To the extent there was any contradictory
evidence, we note that the jury, as the trier of fact, is the sole judge of the
credibility of witnesses and the weight to be given to testimony.  See Jones v. State, 944 S.W.2d 642,
647 (Tex.Crim.App. 1996); Sharp v. State, 707 S.W.2d 611, 614
(Tex.Crim.App. 1986).  Considering the
above evidence in a neutral light, the evidence cited by Appellant does not
demonstrate the proof of guilt was so weak as to
undermine confidence in the jury=s determinations or greatly outweighed contrary
proof.  Thus, we hold the evidence was
factually sufficient to support Appellant=s conviction. 
His second issue is overruled.  

                                                                   Conclusion

 

The trial court’s judgment is
affirmed.                                         

 

 

Patrick A. Pirtle

      
Justice  

 

Do not publish.

 

 

  











[1]Cocaine is a controlled substance
listed in Penalty Group 1.  See Tex.
Health & Safety Code Ann. ' 81.102(3)(D) (Vernon 2003).  





[2]The room was twelve and one-half
feet wide and eighteen feet long with a separate door for the bathroom.  





[3]At trial, Scott Williams, forensic
scientist for the Texas Department of Public Safety Crime Laboratory Division,
identified the white, powdery substance as 0.03 grams of cocaine. 





[4]Appellant does not contend he was
unaware the white substance was cocaine.





[5]That the accused answers the door
to the hotel room is evidence of control. 
Watson v. State, 861 S.W.2d 410, 415-16
(Tex.App.BBeaumont 1993, pet. ref=d). 






[6]Whether the accused Aowned or had the right to possess
where drugs were found@ is also a factor linking the
accused to the contraband.  Beall v. State, 237 S.W.3d 841, 850 (Tex.App.BFort Worth 2007,
no pet.). 





[7]The presence and/or use of other
contraband are affirmative links from which to infer knowledge and
control.  See Peters v. State, 93 S.W.3d 347, 356 (Tex.App.BHouston [14th
Dist.] 2002, pet.
ref=d) (presence of shotgun and marihuana admissible to prove
appellant=s knowledge and control over
cocaine).  See also
Hyett v. State, 58 S.W.3d 826, 830 (Tex.App.BHouston [14th
Dist.] 2001, pet.
ref=d) (listing presence of other contraband as Aaffirmative link@ from which to infer knowledge and
control); Levario v. State, 964 S.W.2d 290, 295 (Tex.App.BEl Paso 1997, no
pet.) (considering presence of marihuana in sufficiency review).





[8]See Isham v. State, 258 S.W.3d 244,
248 (Tex.App.BEastland 2008,
pet. ref=d).





[9]Whether contraband Awas conveniently accessible to the
accused@ is a factor in linking the accused
to the contraband.  Deshong
v. State, 625 S.W.2d 327, 329 (Tex.Crim.App. 1981).





[10]See Barrett v. State, No. 03-06-00102-CR, 2007 WL
1790709, at *5 (Tex.App.BAustin 2007, no
pet.) (not designated for publication); Trevino v. State,
No. 13-02-00223-CR, 2004 WL 169232, at *3 (Tex.App.BCorpus Christi,
no pet.) (not designated for publication).  





[11]See Park, 8 S.W.3d at 354.





[12]Appellant also points to the
absence of evidence of some of the links to support his assertion that the
cocaine was not in his actual care, custody, control, or management.  True, there was no evidence of conflicting
statements by the persons in the motel room, affirmative statements about the
cocaine, the presence of a large sum of money, an odor of cocaine, and the
cocaine was not hidden within the room. 
The absence of some links evidence, is not, however, evidence of an appellant=s innocence to be weighed against
other evidence tending to link him with the contraband.  Hernandez v. State,
538 S.W.2d 127, 131 (Tex.Crim.App. 1976).  Rather, the issue is whether there is
sufficient evidence linking Appellant to the contraband to support the
reasonable inference that he was knowingly in possession of the cocaine.  Id.