ACCEPTED
01-15-00043-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/5/2015 1:01:11 PM
CHRISTOPHER PRINE
CLERK

# NO. 01-15-00043-CR

# IN THE COURT OF APPEALS

# FOR THE

# FIRST DISTRICT OF TEXAS

# HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

10/5/2015 1:01:11 PM

CHRISTOPHER A. PRINE
Clerk

## DEJESUS FOBBS, APPELLANT

## VS.

## THE STATE OF TEXAS, APPELLEE

## REPLY BRIEF FOR THE APPELLANT

**CAUSE NUMBERS 22,960
IN THE 356TH JUDICIAL DISTRICT COURT OF
HARDIN COUNTY, TEXAS**

SEARS & BENNETT, LLP
JOEL H. BENNETT
STATE BAR NO. 00787069
1100 NASA PARKWAY, SUITE 302
HOUSTON, TEXAS 77058
(281) 389-2118
FAX (866) 817-5155

Attorneys for DEJESUS FOBBS

## LIST OF PARTIES

Presiding Judge                                    Honorable Steven Thomas

Appellant                                              Dejesus Fobbs

Appellee                                               The State of Texas

Attorney for Appellant (Trial only)

Ms. Stella Morrison
4231 Lakeshore Drive
Port Arthur, Texas 77642

Mr. Bryan Laine
1045 Redwood
Kountze, Texas 77625

Attorney for Appellant (Appeal only)

Mr. Joel H. Bennett
Sears & Bennett, LLP
1100 Nasa Parkway, Ste 302
Houston, Texas 77058

Attorney for Appellee (Trial and Appeal)

Mr. David Sheffield
Mr. Bruce Hoffer
Ms. Kendra Walters
Hardin County District
Attorney's Office
P. O. Box 1409
Kountze, Texas 77625

Attorney for Appellee (Appeal only)

Ms. Sue Korioth
P.O. Box 600103
Dallas, Texas 75630

## CITATION TO THE RECORD

Clerk's Record ..................... C.R. (volume and page)

Reporter's Record .................. R.R. (volume and page)

# **TABLE OF CONTENTS**

**PAGE**

List of Parties ................................. ii

Table of Contents .............................. iii

List of Authorities .......................... v

Appellant's Reply to Issue No. Two ............ 7

> **APPELLANT'S COMPLAINT REGARDING THE IMPROPER ADMISSION OF THE FIREARM AND MAGAZINE WAS PROPERLY PRESERVED. THE EXTRANEOUS OFFENSE WAS NOT NECESSARY CONTEXTUAL EVIDENCE AND THEREFORE INADMISSIBLE.**

Statement of Facts ............................ 12

Summary of Argument ........................... 12

Conclusion and Prayer ......................... 12

Certificate of Service ........................ 13

# LIST OF AUTHORITIES

**CASES**

*Devoe v. State,* 354 S.W.3d 457 (Tex. Crim. App. 2011) .8

*Mayes,* 816 S.W.2d at 86 n. 4 ........................10

*Peters v. State,* 93 S.W.3d 347, 353-54 (Tex. App.—
Houston [14TH Dist.] 2002, pet. ref'd)............9, 11

*Rogers v. State,* 853 S.W.2d 29, 33-34 (Tex. Crim. App.
1993) ...........................................9, 10

**RULES**

Tex. Rule Evid. 404(b) ......................8, 10, 11

NO.  01-15-00043-CR

---

IN THE

COURT OF APPEALS

FOR THE

FIRST DISTRICT OF TEXAS

HOUSTON, TEXAS

---

DEJESUS FOBBS, Appellant

v.

THE STATE OF TEXAS, Appellee

---

Appealed from the 356TH Judicial District Court
of Hardin County, Texas
Cause No. 22,960

---

REPLY BRIEF FOR THE APPELLANT

---

TO THE HONORABLE COURT OF APPEALS:

Now comes DEJESUS FOBBS, by and through his attorney
of record Joel H. Bennett, of Sears & Bennett, LLP, and
files this reply brief.

Appellant relies on his original brief for the merits of Issues Numbers One, Three, and Four. Appellant's Reply Brief is in response to Issue No. Two.

## APPELLANT'S REPLY REGARDING ISSUE NUMBER TWO

**APPELLANT'S COMPLAINT REGARDING THE IMPROPER ADMISSION OF THE FIREARM AND MAGAZINE WAS PROPERLY PRESERVED. THE EXTRANEOUS OFFENSE WAS NOT NECESSARY CONTEXTUAL EVIDENCE AND THEREFORE INADMISSIBLE.**

## ADDITIONAL STATEMENT OF FACTS

No additional statement of facts is needed.

## SUMMARY OF REPLY ARGUMENT

The State's response to Appellant's Second Issue attempts intermingle the extraneous offenses of possession of the firearm and the possession of the synthetic marijuana. Appellant's issue is restricted to the introduction of the handgun and magazine. Appellant's issue was properly preserved, as affirmatively stated by the trial court. The State wholly failed to explain how the presentation of the evidence would have been incomplete or curtailed by the

exclusion of the extraneous offense.

## ARGUMENT AND AUTHORITIES

In the State's Brief, the State alleges that Appellant failed to preserve this error by failing to object to the introduction of the synthetic marijuana and the gun. As set forth in the Statement of Facts in Appellant's Original brief, Appellant objected to the introduction of the evidence of the gun and magazine each and every time the State offered evidence of the gun and magazine. Appellant objected to the testimony, the introduction of the photographs, and to the gun and magazine itself. R.R.VI—29-20, 63-64, 75, and 78-79. The trial court specifically held that Appellant had preserved his objection and his objection was abundantly clear. R.R.VI—78-79. The State argues that Appellant waived any objection because he did not object to the introduction of the synthetic marijuana. Appellant's complaint involves the gun and magazine, not the synthetic marijuana.

7

Additionally, the State argues that the evidence was admissible as contextual evidence. But, the State fails to argue or explain how the evidence was necessary contextual evidence to explain the possession of the cocaine. Only contextual evidence which includes extraneous offenses that is necessary to the jury's full understanding of the primary offense is admissible.

The State cites *Devoe v. State, 354 S.W.3d 457 (Tex. Crim. App. 2011)* for the position that the evidence of the gun and magazine was admissible as contextual evidence. Appellant would submit that *Devoe* supports his position, "But, under Rule 404(b), same-transactional contextual evidence is admissible only when the offense would make little or no sense without also bringing in that evidence, and it is admissible 'only to the extent that it is necessary to the jury's understanding of the offense.'" *Devoe v. State, at 469*.

The State make no argument or any explanation of how

the jury's understanding of the events surrounding the primary offense would be limited or make "little or no sense" without the admission of the evidence of the gun and magazine.

Additionally, the State wholly failed to distinguish *Rogers v. State, 853 S.W.2d 29, 33-34 (Tex. Crim. App. 1993)* and *Peters v. State, 93 S.W.3d 347, 353-54 (Tex. App.—Houston [14TH Dist.] 2002, pet. ref'd).* Both of which require the exclusion of the gun and magazine. In *Rogers*, the Court of Criminal Appeals held it was error to admit evidence of possession of marijuana that was found along with the methamphetamine. The Court specifically held, "The State could simply have described the events of appellant's arrest without mentioning that marijuana was found, in addition to methamphetamine. ***The jury's understanding of the instant offenses would not have been impaired or clouded had the State described appellant's arrest without including the evidence***

*concerning the marijuana*. Such omission would not have caused the evidence regarding the instant offenses (burglary and possession of methamphetamine) to appear incomplete." *Rogers v. State, 853 S.W.2d at 34.* Just as in the *Rogers* case, the omission of the gun and magazine would not have caused the evidence regarding the possession of the cocaine to appear incomplete.

Similarly, the Fourteenth Court of Appeals held, "And, it would have been a simple matter to describe the circumstances surrounding the entry without mentioning the shotgun under the bed and the marijuana cigarette burning in the ashtray. *See Mayes, 816 S.W.2d at 86 n. 4.* In short, because the evidence did not directly relate to a fact of consequence in the case and was intended to prove that appellant acted in conformity with a (bad) character, the evidence fell within Rule 404(b)'s prohibition. Moreover, **the shotgun was not necessary to the jury's understanding of the offense or the circumstances concerning the entry**; it

was not admissible as an exception under Rule 404(b). The trial court erred in admitting the evidence." *Peters v. State*, 93 S.W.3d 347, 354. The State has failed to explain why Appellant's case is factually different that the *Rogers* case and the *Peters* case and why a different result should occur. The State's position on appeal is contrary to the well established law of this State.

For all the reasons given in Appellant's brief and this Reply brief, Appellant's Second Issue should be sustained, Appellant's convictions reversed, and the case remanded for further proceedings.

## **CONCLUSION AND PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Appellant, DEJESUS FOBBS, prays that the Judgment of the Trial Court be reversed and the case remanded for further proceedings consistent with the judgment of this Honorable Court.

Respectfully submitted,

SEARS & BENNETT, LLP

_/s/ Joel H. Bennett_____
JOEL H. BENNETT
Texas State Bar No. 00787069
1100 Nasa Parkway, Suite 302
Houston, Texas 77058
Telephone: (281) 389-2118
Facsimile: (866) 817-5155
joel@searsandbennett.com

ATTORNEY FOR DEJESUS FOBBS

## CERTIFICATE OF SERVICE

I hereby certify that Appellant's Brief has been served upon Sue Korioth by email at suekorioth@aol.com and the Hardin County District Attorney's Office by facsimile to 409-246-5142 on this the 5th day of October, 2015.


_/s/ Joel H. Bennett_____
Joel H. Bennett

## Certificate of Compliance

In compliance with TRAP 9.4(i), I certify that the word count in this reply brief is approximately 1383 words.


_/s/ Joel H. Bennett_____
Joel H. Bennett