ACCEPTED
01-15-00043-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
4/27/2015 3:16:31 PM
CHRISTOPHER PRINE
CLERK

**NO. 01-15-00043-CR**

# IN THE COURT OF APPEALS

## FOR THE

## FIRST DISTRICT OF TEXAS

## HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

4/27/2015 3:16:31 PM

CHRISTOPHER A. PRINE
Clerk

## DEJESUS FOBBS, APPELLANT

## VS.

## THE STATE OF TEXAS, APPELLEE

## BRIEF FOR THE APPELLANT

### TRIAL COURT CAUSE NUMBER 22960
### IN THE 356TH DISTRICT COURT OF
### HARDIN COUNTY, TEXAS

SEARS & BENNETT, LLP
JOEL H. BENNETT
STATE BAR NO.  00787069
1100 NASA PARKWAY, SUITE 302
HOUSTON, TEXAS 77058
(281) 389-2118
FAX (866) 817-5155
joel@searsandbennett.com

Attorneys for DEJESUS FOBBS

**ORAL ARGUMENT WAIVED**

## LIST OF PARTIES

| | |
|---|---|
| Presiding Judge | Honorable Steven Thomas |
| Appellant | Dejesus Fobbs |
| Appellee | The State of Texas |
| Attorney for Appellant (Trial only) | Ms. Stella Morrison 4231 Lakeshore Drive Port Arthur, Texas 77642 |
| | Mr. Bryan Laine 1045 Redwood Kountze, Texas 77625 |
| Attorney for Appellant (Appeal only) | Mr. Joel H. Bennett Sears & Bennett, LLP 1100 Nasa Parkway, Ste 302 Houston, Texas 77058 |
| Attorney for Appellee (Trial and Appeal) | Mr. David Sheffield Mr. Bruce Hoffer Ms. Kendra Walters Hardin County District Attorney's Office P. O. Box 1409 Kountze, Texas 77625 |
| Attorney for Appellee (Appeal only) | Ms. Sue Korioth P.O. Box 600103 Dallas, Texas 75630 |

## CITATION TO THE RECORD

Clerk's Record ...................... C.R. (volume and page)

Reporter's R........................ R.R. (volume and page)

**TABLE OF CONTENTS**

                                                              **PAGE**

List of Parties .................................  ii

Table of Contents ..............................  iii

List of Authorities  ...........................   v

Statement of the Case  .........................   9

Appellant's First Issue .......................   10

    **THE TRIAL COURT ERRED IN FAILING TO INCLUDE AN APPLICATION PARAGRAPH FOR THE TEX. CODE CRIM. PROC. § 38.23 INSTRUCTION.  APPELLANT DID NOT OBJECTION TO THE ABSENCE OF THIS INSTRUCTION AND THEREFORE MUST SHOW EGREGIOUS HARM.**

Statement of Facts .............................   10

Summary of Argument ............................   15

Argument and Authorities .......................   15

Appellant's Second Issue .......................   27

    **THE TRIAL COURT COMMITTED REVERSABLE ERROR BY ADMITTING EXTRANEOUS OFFENSE EVIDENCE AS CONTEXTUAL EVIDENCE.  THE ADMISSION OF A FIREARM WAS NOT NECESSARY CONTEXTUAL EVIDENCE AND UNFAIRLY PREJUDICED APPELLANT'S TRIAL.**

Statement of Facts .............................   27

Summary of Argument ............................   27

Argument and Authorities ........................ 28

Appellant's Third Issue ......................... 35

**THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ADMITTING A NONCERTIFIED COPY OF A JUDGMENT DURING THE PUNISHMENT PHASE OF THE TRIAL. THE JUDGMENT WAS NOT PROPERLY AUTHENTICATED.**

Statement of Facts .............................. 35

Summary of Argument ............................. 37

Argument and Authorities ........................ 37

Appellant's Fourth Issue ........................ 35

**THE EVIDENCE IS LEGALLY INSUFFICIENT TO PROVE THE FIRST ENHANCEMENT PARAGRAPH WAS A VALID PRIOR CONVICTION FOR THE USE OF AN ENHANCEMENT. THE JUDGMENT STATES ON ITS FACE THAT IT COULD BE A STATE JAIL CONVICTION AND THEREFORE IT COULD NOT BE USED TO ENHANCE A NON-SATE JAIL FELONY OFFENSE.**

Statement of Facts .............................. 35

Summary of Argument ............................. 37

Argument and Authorities ........................ 37

Conclusion and Prayer ........................... 43

Certificate of Service .......................... 43

# LIST OF AUTHORITIES

**CASES**

*Allen v. State, 253 S.W.3d 260 (Tex. Crim. App. 2008)* 18

*Allen v. State, 253 S.W.3d at 264 (footnotes omitted)* 18

*Avila v. State, 18 S.W.3d 736, 741-42 (Tex. App.-San Antonio 2000, no pet.)* ..............................38

*Brooks v. State, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010)* ...........................................45

*Brooks v. State, 323 s.w.3d 893, 912 (Tex. Crim. App. 2010)* ...........................................44

*Brooks, 323 S.W.3d at 899* ............................45

*Carlock v. State, 99 S.W.3d 288, 294-95 (Tex. App.— Texarkana 2003)* ...............................36, 38

*Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (citing Hooper v. State, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007))* .........................45

*Garcia v. State, 367 S.W.3d 683, 686-687 (Tex. Crim. App. 2012)* ...........................................44

*Garrett v. State, 875 S.W.2d 444, 447 (Tex. App.-Austin 1994, pet. ref'd)* ...............................28

*Garza v. State, 963 S.W.2d 926, 931 (Tex. App.-San Antonio 1998, no pet.)* .........................30, 39

*Hutch v. State, 922 S.W.2d 166, 172-73 (Tex. Crim. App. 1996) overruled on other grounds Gelinas v. State, 398 S.W.3d 708 (Tex. Crim. App. 2013)* ...................16

*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) ...........................44, 45

*Jackson*, 443 U.S. at 320 ...............................46

*Jackson*, 443 U.S. at 326 ...............................46

*Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998) .........................................30, 39

*Jones v. State*, 815 S.W.2d 667, 669 (Tex. Crim. App. 1991) .............................................16

*King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) .........................................30, 39

*Laster*, 275 S.W.3d at 518 .............................46

*Mays v. State*, 816 S.W.2d 79 (Tex. Crim. App. 1991) id. at 86-87 n. 4 ...........................23, 24, 28

*Middleton v. State*, 125 S.W.3d 450, 457 (Tex. Crim. App. 2003) ...........................................17

*Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000) ...........................................40

*Peters v. State*, 93 S.W.3d 347, 353-54 (Tex. App.— Houston [14[TH] Dist.] 2002, pet. ref'd)...............29

*Pondexter v. State*, 942 S.W.2d 577, 583-85 (Tex. Crim. App. 1996) ...........................................28

*Riley v. State*, 830 S.W.2d 584, 586-87 (Tex. Crim. App. 1992) .............................................17

*Rogers v. State*, 853 S.W.2d 29, 33-34 (Tex. Crim. App. 1993) .............................................26

*Sakil v. State*, 287 S.W.3d 23, 25 (Tex. Crim. App. 2009) ...............................................17

*Sakil v. State*, 287 S.W.3d at 26 quoting *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) ...17

*Tibbs v. Florida*, 457 U.S. 31, 41, 102 S. Ct. 2211, 72 L. Ed. 2d 652 (1982) ...............................46

*Wagner v. State*, No. 14-01-00392-CR, 2002 WL 31662410, at 4 (Tex. App. Nov. 27, 2002)(Not designated for publication) ....................................31, 40

*Webb v. State*, 36 S.W.3d at 182–83 ...............31, 39

*Williams*, 547 S.W.2d at 20 ...........................16

*Wyatt v. State*, 23 S.W.3d 18, 25 (Tex. Crim. App. 2000) ....................................................28

**STATUTES**

*Tex. Code Crim. Proc. § 38.23* ...........12,  15, 16, 32

*Tex. H & S Code 481.116(b)* ......................43, 47

*Tex. H & S Code 481.116(c)* ......................... 47

*Tex. Penal Code § 12.35(a)* ...........................43

*Tex. Penal Code § 12.42(d)* ......................43, 47

former *Tex. Penal Code § 12.42(a)(1)[now Tex. Penal Code § 12.425]* ...................................43

**RULES**

*Tex. R. App. P. 44.2(b)* .........................30, 38

Tex. R. Crim. Evid. 404(b)(former) .......23, 25, 26, 29

*Tex. R. Evid. 901* ...............................35, 37

*Tex. R. Evid. 901(a)* ................................34

*Tex. R. Evid. 901(b)(7)* .............................35

*Texas Rule of Evidence 902(4)* .......................35

**NO. 01-15-00043-CR**

---

**IN THE**

**COURT OF APPEALS**

**FOR THE**

**FIRST DISTRICT OF TEXAS**

**HOUSTON, TEXAS**

---

**DEJESUS FOBBS, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

---

**Appealed from 356TH District Court
of Hardin County, Texas
Cause No. 22960**

---

**BRIEF FOR THE APPELLANT**

---

**TO THE HONORABLE COURT OF APPEALS:**

Now comes DeJesus Fobbs, by and through his attorney of record Joel H. Bennett, of Sears & Bennett, LLP, and files this brief.

## STATEMENT OF THE CASE

Appellant was charged by indictment with Possession of a Controlled Substance, to-wit cocaine, in the amount of four grams or more but less than two hundred grams. C.R.—2. Appellant pled not guilty to the allegation and a trial by jury began on December 15, 2014. R.R.V—1; R.R.VI—35-36. After hearing the evidence and the argument of counsel, the jury returned a verdict of "Guilty" on December 16, 2014. R.R.VI—221; C.R.—125. The Defendant elected for the jury to assess punishment, and after hearing evidence and argument of counsel on the issue of punishment, the jury assessed his punishment at ninety-nine (99) years in the Institutional Division of Texas Department of Criminal Justice and no fine. R.R.VII—130-131; C.R.—131. Judgment and Sentence was entered and signed on December 17, 2014; as well as the trial court's certification of Defendant's right to appeal. C.R.—154-155, 142. Notice of Appeal was timely filed on December 17, 2014 and again on December 18, 2014. C.R.—143, 156.

## APPELLANT'S FIRST ISSUE

**THE TRIAL COURT ERRED IN FAILING TO INCLUDE AN APPLICATION PARAGRAPH FOR THE TEX. CODE CRIM. PROC. § 38.23 INSTRUCTION. APPELLANT DID NOT OBJECTION TO THE ABSENCE OF THIS INSTRUCTION AND THEREFORE MUST SHOW EGREGIOUS HARM.**

## STATEMENT OF FACTS

The Charge of the Court during guilt innocence contained a general instruction to the jury:

"You have a right to consider all of the facts that are shown by the evidence, and to draw natural and reasonable inferences from such facts. You alone have the authority and duty to determine what the facts are in this case. No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case, [sic] If you believe or have a reasonable doubt that the evidence was obtained in violation of these provisions, then and in such event,

11

you shall disregard any such evidence so obtained. In evaluating the evidence, you must totally disregard what you believe is my opinion about any factual matter." C.R.—121.

The Charge of the Court did not contain an application paragraph applying the general *Tex. Code of Crim. Proc. § 38.23* instruction. C.R.—119-124.

Officer Travis Hartless was a patrolman with the Silsbee Police Department. R.R.VI—44. On the evening of May 19 and the morning of May 20, 2014, he was on patrol. R.R.VI—46. He had been notified about some car burglaries in the area. R.R.VI—46-47. About 2:20 am, Officer Hartless came to 345 West Avenue L during his routine patrol. R.R.VI—48. He noticed an interior light on inside a vehicle about 2:30 a.m. and he stopped to investigate. R.R.VI—49-50. He walked up to the car and knocked on the glass; the person in the car rolled down the window about three inches. R.R.VI—53. Officer Hartless asked the person in the vehicle, "What's going on?" and he could also smell the odor of burnt marijuana

coming out of the vehicle. R.R.VI—54. Officer Hartless asked the person to step out of the car and when he did, Officer Hartless recognized Appellant. R.R.VI—55. He patted Appellant down for weapons, handcuffed him, and placed him in the back of the patrol car. R.R.VI—55-57. Officer Hartless then searched the car due to the odor of burnt marijuana. R.R.VI—57.

Officer Hartless testified that he saw bags of Kush, K2, in the open top center console, a synthetic marijuana. R.R.VI—62. He believed it was synthetic marijuana but the substance was not tested. R.R.VI-64. He also found a small bag of what the officer believed to be marijuana. R.R.VI—65. At this point, he goes back to Appellant and searches him. R.R.VI—65. During the search, he located a magazine with ammunition in it in Appellant's pocket. R.R.VI—66. Officer Hartless then searched under Appellant's cap and located two baggies of suspected cocaine on Appellant's head. R.R.VI—67-68. Officer Hartless goes back to the vehicle to search further and locates a handgun. R.R.VI—73-74.

13

Officer Hartless took a photograph of the money, handgun, magazine, Kush, cocaine, and marijuana he recovered from Appellant and the vehicle; the photograph is State's Ex. # 3.  R.R.VI—77-78, 79.

During cross-examination, Officer Hartless admitted that he took no photographs at the scene. R.R.VI—88. There are no pictures of any burnt marijuana.  R.R.VI—88.  Officer Hartless testified that he saw burnt marijuana but he did not recover the burnt marijuana. R.R.VI—89.

## SUMMARY OF ARGUMENT

The trial court erred in failing to submit an application paragraph for the exclusionary rule instruction.  The jury was properly instructed about the general provision that they may not consider any evidence found by the police in violation of the Constitution or laws of the United States or State of Texas.  But the application paragraph authorizes the jury to act and applies the law to the facts of this case.  Appellant did not object at trial and therefore,

14

he must show egregious harm that deprived him of a fair and impartial trial.

## ARGUMENT AND AUTHORITIES

The defense in Appellant's case centered around the legality of the search of Appellant and the subsequent discovery of cocaine in Appellant's cap. The trial court properly instructed the jury on the general law regarding the exclusionary rule of *Tex. Code Crim. Proc. § 38.23*. But, the application paragraph of a jury charge is the portion of the charge that authorizes the jury to act. A proper application paragraph should instruct the jury on the legal consequences of the facts as they find them to be (or a failure to prove certain facts beyond a reasonable doubt) and how those facts are applied to the applicable law in this particular case.

"[I]t is important to note that the error occurred in the application paragraph. The application paragraph is that portion of the charge which authorizes the jury to act. *Jones v. State*, 815 S.W.2d 667, 669 (Tex. Crim.

15

*App. 1991)*. Consequently, even though the charge elsewhere contained a correct statement of *art. 38.23*, that instruction did not authorize the jury to consider or not consider the evidence obtained from appellant's stop. It is not sufficient for the jury to receive an abstract instruction on the law. *Williams, 547 S.W.2d at 20*. An abstract charge does not inform the jury of what facts, if found by it, would permit the jury's consideration of the contested evidence. *Ibid.* Rather, the authority to consider or not consider the evidence obtained from appellant's stop came solely from the erroneous application paragraph. The Court of Appeals did not consider that the correct statement of *art. 38.23* did *not* authorize the jury to correctly apply the law." *Hutch v. State, 922 S.W.2d 166, 172-73 (Tex. Crim. App. 1996) overruled on other grounds Gelinas v. State, 398 S.W.3d 708 (Tex. Crim. App. 2013).*

The Court of Criminal Appeals has consistently held that an application paragraph is a necessary portion of the charge, "It is true that we have held that a jury

charge should contain the abstract portion of the charge and the application portion. *Riley v. State, 830 S.W.2d 584, 586-87 (Tex. Crim. App. 1992)." Middleton v. State, 125 S.W.3d 450, 457 (Tex. Crim. App. 2003).*

Appellant failed to object to the erroneous instruction at trial. As such, the standard of review upon appeal to entitle him to a reversal is higher. When reviewing complaints regarding the jury charge, the first step is to determine whether there was error in the charge. *Sakil v. State, 287 S.W.3d 23, 25 (Tex. Crim. App. 2009).* If there was error and no corresponding objection, "the error must be 'fundamental,' and reversal is required 'only if the error is so egregious and created such harm' that the defendant did not have a fair and impartial trial." *Sakil v. State, 287 S.W.3d at 26 quoting Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).*

The test for evaluating whether a particular defendant suffered fundamental error that deprived him of a fair and impartial trial was explained in *Allen v.*

*State*, 253 S.W.3d 260 (Tex. Crim. App. 2008). The Court of Criminal Appeals held, "In examining the record for egregious harm, vel non, a reviewing court should consider...1) the entire jury charge, 2) the state of the evidence, including the contested issues and the weight of the probative evidence, 3) the final arguments of the parties, and 4) any other relevant information revealed by the record of the trial as a whole. Jury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Allen v. State*, 253 S.W.3d at 264 *(footnotes omitted)*.

The factors to be reviewed in determining the harm in this case weigh heavily in favor of finding harm to Appellant. The charge as a whole simply asked the jury to decide whether or not Appellant possessed cocaine or whether they had a reasonable doubt thereof. This was the sole question posed to the jury. The central issue of the defense was that the State failed to prove to the

jury the factual issues regarding the legality of the search. Namely, the defense focused on the officer's failure to preserve any alleged burnt marijuana. Appellant's vehicle was searched after the officer claimed he smelled burnt marijuana. He testified that he saw the burnt marijuana but failed to document that through a photograph or even recover the evidence that would support his search.

The defense's argument at the guilt-innocence phase of the trial was that the State failed to bring sufficient evidence to support a legal search. R.R.VI—208. The defense argued that no arrest should be made without probable cause. R.R.VI—213. The State's response to the defense's argument was just believe the officer. R.R.VI—214. "Isn't that what we want?" R.R.VI—214.

The jury was never given the opportunity to decide the central issue in the case. Did or did the State not prove beyond a reasonable doubt the existence of the burnt marijuana that led to the search and then the

arrest that led to the discovery of the cocaine. Jury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. The failure of the trial court to provide the avenue for the jury to act in this case deprived Appellant of his right to have the jury decide the factual issue surrounding the legality of the search. This failure strikes at the very heart of the defensive issue of this case. The failure to provide the application paragraph prevented the jury from deciding all the factual issues in this case and thereby deprived Appellant of a fair trial.

For all the foregoing reasons, Appellant's First Issue should be sustained, Appellant's case be reversed, and the case remanded for further proceedings.

### APPELLANT'S SECOND ISSUE

**THE TRIAL COURT COMMITTED REVERSABLE ERROR BY ADMITTING EXTRANEOUS OFFENSE EVIDENCE AS CONTEXTUAL EVIDENCE. THE ADMISSION OF A FIREARM WAS NOT NECESSARY CONTEXTUAL EVIDENCE AND UNFAIRLY PREJUDICED**

20

**APPELLANT'S TRIAL.**

## STATEMENT OF FACTS

During the officer's search of Appellant and Appellant's vehicle, he discovered a magazine loaded with ammunition in Appellant's pocket and a handgun in the vehicle. R.R.VI—66, 74. Appellant had objected to the admission any evidence of a gun during his motion in limine, then he renewed his objection during the testimony, and again when the State offered pictures of the weapon and magazine. R.R.VI—29-20, 63-64, 75, and 78-79. The trial court stated that he would take it under consideration during the hearing on the Motion in Limine, then overruled the objections when Appellant renewed the objections during the testimony. R.R.VI—30, 64. The trial court specifically stated that the evidence was contextual. R.R.VI—64. When the State moved to admitted State's Exhibits 4 and 3 (pictures of the gun and magazine), Appellant again renewed his objection to the introduction of the gun and magazine. R.R.VI—75, and 78-79. The trial court specifically held

that Appellant had preserved his objection and his objection was abundantly clear. R.R.VI—78-79. The trial court again overruled his objection.

## SUMMARY OF ARGUMENT

An extraneous offense is admissible as contextual evidence if it is necessary to provide background information or if the narration of the events would make little or no sense without the admission of the extraneous offense. The events surrounding Appellant's arrest for possession of cocaine could have easily and fully been described to the jury without the admission of the handgun.

## ARGUMENT AND AUTHORITIES

Extraneous offenses may be admitted during a trial if they are contextual evidence of the charged offense and the introduction of such evidence is necessary to the jury's understanding of the current offense. In Appellant's case, the State was allowed to introduce evidence, over objection, that Appellant was in possession of a magazine loaded with ammunition and a

pistol was found in the vehicle where he was sitting when the officer approached. The State offered this evidence as contextual evidence. The trial court agreed and admitted the evidence.

Not all extraneous acts are admissible just because they were discovered at the same time or occurred during the same criminal episode. The test for whether such evidence is properly admissible is whether or not the such evidence is "necessary" to the jury's understanding of the events. If it is not necessary, the evidence should be excluded.

"The evidence pertaining to appellant's possession, use and sale of marijuana constitutes 'same transaction contextual evidence' rather than 'background contextual evidence', as such evidence is of 'acts, words and conduct' of appellant at the time of his arrest. *See [Mays v. State, 816 S.W.2d 79 (Tex. Crim. App. 1991) id.* at 86-87 n. 4. Same transaction contextual evidence is admissible as an exception under *[Tex. R. Evid.] Rule 404(b)* where

23

such evidence is *necessary* to the jury's understanding of the instant offense:

Same transaction contextual evidence is deemed admissible as a so-called exception to the propensity rule where 'several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony, whether direct or circumstantial, of any one of them cannot be given without showing the others.' [citation omitted] The reason for its admissibility 'is simply because in narrating the one it is impracticable to avoid describing the other, and not because the other has any evidential purpose.' [citation omitted] Necessity, then, seems to be one of the reasons behind admitting evidence of the accused's acts, words and conduct at the time of the commission of the offense. [citation omitted] *[Mays v. State, 816 S.W.2d 79 (Tex. Crim. App. 1991) Id.* at 86-87 n. 4.

24

"Necessity, then, is an 'other purpose' for which same transaction contextual evidence is admissible under Rule 404(b). *Only if the facts and circumstances of the instant offense would make little or no sense without also bringing in the same transaction contextual evidence, should the same transaction contextual evidence be admitted.*

"In narrating appellant's arrest for the instant offenses it would not have been impracticable to avoid describing the recovery of the marijuana and appellant's confessed use and sale of marijuana. *See id.* The State could simply have described the events of appellant's arrest without mentioning that marijuana was found, in addition to methamphetamine. *The jury's understanding of the instant offenses would not have been impaired or clouded had the State described appellant's arrest without including the evidence concerning the marijuana.* Such omission would not have caused the evidence regarding the

25

instant offenses (burglary and possession of methamphetamine) to appear incomplete. Further, omission of the objectionable portion of appellant's written confession would not have rendered the remaining portions of the confession confusing or questionable. We hold that the evidence concerning the marijuana was not 'necessary' to the jury's understanding of the offenses of burglary and possession of methamphetamine and was therefore not admissible as same transaction contextual evidence under Rule of Criminal Evidence 404(b). ***The court of appeals erred in holding that such evidence was admissible as "res gestae" of the offense*.***"

*Rogers v. State*, 853 S.W.2d 29, 33-34 (Tex. Crim. App. 1993)(Emphases added).

Similarly in this case, the State's case of Possession of Cocaine would have not been impacted. The State's description of the event was not dependant upon or related to the possession of the magazine and

26

firearm. Officer Hartless testified that he approached the vehicle out of concern for car burglaries in the area, he smelled the odor of burnt marijuana, and searched the vehicle due to the odor of marijuana. After discovering synthetic marijuana and marijuana, he searched Appellant and discovered cocaine inside the baseball cap Appellant was wearing. R.R.VI—48-49, 50, 54, 61-62, 65, 68.

The handgun was not found until the officer decided to inventory the vehicle, which was after the officer had located the cocaine. R.R.VI—74. The magazine was located in Appellant's pocket after the officer located the marijuana but prior to the discovery of the cocaine. R.R.VI—66. The State was able to fully describe why he approached Appellant, why he decided to search the vehicle, and then why he further searched Appellant and located the cocaine. All of this testimony was done without any need to mention the loaded magazine located in Appellant's pocket and prior to the discovery of the firearm.

"Same transaction contextual evidence is **admissible only when the offense would make little or no sense without also bringing in the same transaction evidence**. *Wyatt v. State, 23 S.W.3d 18, 25 (Tex. Crim. App. 2000); Pondexter v. State, 942 S.W.2d 577, 583–85 (Tex. Crim. App. 1996).* Nor do we believe that the evidence of the shotgun and the marijuana was so intertwined with the issue of consent that the jury could not understand the testimony without it. *See Garrett v. State, 875 S.W.2d 444, 447 (Tex. App.-Austin 1994, pet. ref'd).* On the contrary, the testimony concerning the consent of the officers could have been easily understood, and certainly more clear, without the introduction of the extraneous evidence. *See Wyatt, 23 S.W.3d at 25.* And, it would have been a simple matter to describe the circumstances surrounding the entry without mentioning the shotgun under the bed and the marijuana cigarette burning in the ashtray. *See Mayes, 816 S.W.2d at 86 n. 4.* In short, because the evidence did not directly relate to a fact of consequence in the case and was

intended to prove that appellant acted in conformity with a(bad) character, the evidence fell within Rule 404(b)'s prohibition. Moreover, ***the shotgun was not necessary to the jury's understanding of the offense or the circumstances concerning the entry;*** it was not admissible as an exception under Rule 404(b). The trial court erred in admitting the evidence."

*Peters v. State, 93 S.W.3d 347, 353-54 (Tex. App.— Houston [14TH Dist.] 2002, pet. ref'd)(Emphasis added).*

As in the Peters case, the State could have—and in fact did—tell the entire factual basis that led to the discovery of the cocaine without the necessity of introducing evidence of the handgun. The cocaine was found prior to the officer locating the gun. Any argument that the introduction of the handgun was necessary to the search for and locating of the cocaine is simply false and unsupported by the facts. The fact that the officer found a magazine with ammunition is also without consequence to the finding of the cocaine. Clearly, the officer was not looking for a firearm

inside Appellant's cap.  Therefore, the trial court erred in admitting evidence of the gun and the magazine as contextual evidence.

"Having found error in the trial court's ruling, we must determine whether appellant was harmed by the improper admission of the evidence. Because no constitutional error is involved when evidence of an extraneous offense is admitted without notice, we look to whether the error affected appellant's substantial rights. *Tex. R. App. P. 44.2(b)*. The substantive right affected by the admission of an extraneous offense is the right to a fair trial. *See Garza v. State, 963 S.W.2d 926, 931 (Tex. App.-San Antonio 1998, no pet.).* An error affects a substantial right when the error had a substantial and injurious effect or influence on the jury's verdict. *King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).* If the error had no influence or only a slight influence on the verdict, it is harmless. *Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).* However, if we harbor 'grave doubts'

the error did not affect the outcome, we must treat the error as if it did." *See Webb v. State, 36 S.W.3d at 182-83." Wagner v. State, No. 14-01-00392-CR, 2002 WL 31662410, at 4 (Tex. App. Nov. 27, 2002)(Not designated for publication).*

The State compounded the harm of the erroneous admission of the firearm and magazine by emphasizing the presence of the gun and magazine during final argument. R.R.VI—215-216. The State argued that the officer was keeping "you" (the jury) safe from people with drugs and guns. The defense's argument at the guilt-innocence phase of the trial was that the State failed to bring sufficient evidence to support a legal search. R.R.VI—208. The defense argued that if there was sufficient probable cause to search for the burnt marijuana and you claim you saw it, then show me the marijuana.

The State countered the defense's argument by telling the jury to use its common sense that Appellant was a drug dealer. The State argued he had large amounts of cash, the gun, the magazine with ammunition,

marijuana, and cocaine. R.R.VI—215. The State described it as a war on drugs and a war on Appellant. R.R.VI—215.

As discussed in Appellant's first issue, the jury was not properly instructed on the application of the exclusionary rule for *Tex. Code Crim. Proc. § 38.23.* This failure to give the proper instruction, coupled with the improper admission of the handgun and the State's argument emphasizing the possession of the handgun certainly should cause grave concerns about the decision of the jury. The defense was forced to argue to the jury to find Appellant not guilty due to the failure of the State to properly prove to the jury the grounds for the search of Appellant—an search that was based upon evidence that was never recovered or photographed by the State. The erroneous admission of the handgun and subsequent "war on" Appellant as argued by the State calls into grave doubt whether Appellant was given a fair trial and the proper chance for the jury to make the very difficult choice of finding him

"Not Guilty", even though the evidence showed that the cocaine was found inside his cap.

For all the foregoing reasons, Appellant's Second Issue should be sustained, Appellant's case be reversed, and the case remanded for further proceedings.

## APPELLANT'S THIRD ISSUE

**THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ADMITTING A NONCERTIFIED COPY OF A JUDGMENT DURING THE PUNISHMENT PHASE OF THE TRIAL. THE JUDGMENT WAS NOT PROPERLY AUTHENTICATED.**

## STATEMENT OF FACTS

During the punishment phase of the trial, the State introduced a non-certfied copy of a judgment in cause number 14,045. R.R.VII—52-53, 55-56; R.R.VIII—36-39. Appellant objected to the admission of this document on the grounds that it had not been properly authenticated and that it was not a certified copy of the judgment. R.R.VII—55-56. The State responded by arguing that the cause number was referenced in State's exhibit 12A. R.R.VII—55. The trial court overruled Appellant's objection and admitted the document. R.R.VII—56.

33

## SUMMARY OF ARGUMENT

The trial court committed reversible error by admitting a noncertified copy of a judgment of a previous conviction against Appellant. The record is wholly void of any proper authentication of the judgment. The use of this prior conviction harmed Appellant as the State used such evidence to argue to the jury that Appellant should receive a maximum sentence, which the jury did impose.

## ARGUMENT AND AUTHORITIES

The Rules of Evidence require that prior to a document's admission into evidence, it must be properly authenticated. "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." *Tex. R. Evid. 901(a)*. The Exhibit 12B was not authenticated by certification as a public document or by any other means.

"In this case, Carlock distinguishes *Bautista*

34

because in that case the parole officer testified using certified copies of the judgments against the defendant, whereas in this case copies of the judgments were admitted into evidence that were not certified. Carlock contends the 'appropriate' method to introduce the prior judgments was to obtain certified copies and offer those judgments under *Texas Rule of Evidence 902(4)* as certified public records. *Rule 902* describes documents that are self-authenticating, and Carlock's suggested method is certainly the traditional method of introducing a prior judgment. However, if a document is not self-authenticated under *Rule 902*, it still can be authenticated under *Rule 901*.

"*Rule 901(b)(7)* illustrates how to authenticate public records and reports. *Tex. R. Evid. 901(b)(7)*. To authenticate a public record which is authorized by law to be recorded or filed in a public office, the testifying witness must be able to provide evidence that the writing is from the public office that keeps that type of record. *Id.* Carlock contends the parole

35

officer could not authenticate the judgments because she was not the custodian of those records and therefore could not authenticate the judgments by 'mere testimony that he or she once supervised a Defendant on parole.' Carlock is correct. The parole officer was able to testify she was familiar with the defendant and his previous criminal record; however, her testimony was not sufficient to authenticate the two judgments because she was unable to provide the necessary proof that those two judgments were from the public office responsible for maintaining those records. Because the judgments were not certified copies, authentication was required and the parole officer's testimony was not enough."

*Carlock v. State*, *99 S.W.3d 288, 294-95 (Tex. App.— Texarkana 2003)*.

In the present case, there was even less evidence supporting the admission of the uncertified copy of the judgment. In Carlock, the parole officer testified that the defendant in that case was on his case load under

the judgment offered and admitted in that case. The parole officer testified that she was familiar with his file and but she was unable to provide the necessary proof that those two judgments were from the public office responsible for maintaining those records. In Appellant's case, the uncertified copy was admitted through a fingerprint expert who had no personal knowledge about the judgment and sentence or the defendant.

In Carlock, the Court of Appeals found that the admission of the judgment was harmful to the defendant and reversed his conviction. "It was error for the trial court to admit the two uncertified copies of the judgments because the testimony of the parole officer was insufficient to authenticate the documents under *Rule 901*. *See Tex. R. Evid. 901.* This error was obviously harmful to Carlock. The jury assessed punishment at ninety-nine years' imprisonment, which was only permissible because of the enhancements. Therefore, Carlock's third point of error is sustained." *Carlock v.*

*State*, 99 S.W.3d at 295.

Appellant's case presents a somewhat different harm analysis. Like *Carlock*, Appellant was sentenced to ninety-nine years in prison and was twice enhanced. Unlike *Carlock*, the judgment introduced against Appellant was not one of the enhancement paragraphs. Because this is not a constitutional error, the erroneous admission of evidence will be disregarded if it did not adversely affect substantial rights or the jury's verdict, or had only a slight effect on the jury's verdict. *Avila v. State*, 18 S.W.3d 736, 741–42 (Tex. App.-San Antonio 2000, no pet.). Tex. R. App. P. 44.2(b).

"Having found error in the trial court's ruling, we must determine whether appellant was harmed by the improper admission of the evidence. Because no constitutional error is involved when evidence of an extraneous offense is admitted without notice, we look to whether the error affected appellant's substantial rights. *Tex. R. App. P. 44.2(b)*. The substantive right

38

affected by the admission of an extraneous offense is the right to a fair trial. *See Garza v. State, 963 S.W.2d 926, 931 (Tex. App.–San Antonio 1998, no pet.).* An error affects a substantial right when the error had a substantial and injurious effect or influence on the jury's verdict. *King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).* If the error had no influence or only a slight influence on the verdict, it is harmless. *Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).* However, if we harbor 'grave doubts' the error did not affect the outcome, we must treat the error as if it did. *See Webb v. State, 36 S.W.3d at 182-83.* In assessing the likelihood that the error adversely affected the jury's decision, we consider everything in the record, including all testimony and evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error, and how the error might have been considered in connection with other evidence in the case. *See Morales v. State, 32 S.W.3d 862, 867*

*(Tex. Crim. App. 2000).* We may also consider the State's theory of the case, any defensive theories, closing arguments, and voir dire. *Id."* *Wagner v. State*, No. 14-01-00392-CR, 2002 WL 31662410, at 4 *(Tex. App. Nov. 27, 2002)(Not designated for publication).*

In Appellant's case, he was assessed the maximum punishment allowed by law. The difference between 99 years and life in prison is academic, at best. The State's argument was that Appellant should be given the maximum sentence because of his prior offenses. The State specifically mentioned the eight month sentence in cause number 14,045 in the beginning of its final argument. R.R.VII—121-122. The defense also addressed the issue of whether the prior judgments were properly authenticated. R.R.VII—115. The sentence handed down by the jury was for the maximum sentence. The State argued that due to the number of prior judgments to which Appellant had been sentenced, he should receive the maximum sentence. The specific reliance on this improperly admitted judgment to argue to the jury that

40

Appellant should receive the maximum sentence causes grave doubt that the error did not contribute to the sentence.  Therefore, Appellant has suffered harm due to the improper introduction of this exhibit.

For all the foregoing reasons, Appellant's Third Issue should be sustained, Appellant's case be reversed, and the case remanded for further proceedings.

## APPELLANT'S FOURTH ISSUE

**THE EVIDENCE IS LEGALLY INSUFFICIENT TO PROVE THE FIRST ENHANCEMENT PARAGRAPH WAS A VALID PRIOR CONVICTION FOR THE USE OF AN ENHANCEMENT.  THE JUDGMENT STATES ON ITS FACE THAT IT COULD BE A STATE JAIL CONVICTION AND THEREFORE IT COULD NOT BE USED TO ENHANCE A NON-SATE JAIL FELONY OFFENSE.**

## STATEMENT OF FACTS

The State gave Notice of Enhancements.  C.R.—8-9. The first enhancement paragraph alleged the following: "And it is further presented in and to said Court that, prior to the commission of the aforesaid offense (hereafter styled the primary offense), on or about January 29, 1998, in cause number 13997 in 356th

District Court of Hardin County, Texas, the defendant was convicted of the felony offense of Possession of a Controlled Substance". C.R.—8.

The judgment entered into evidence during the trial states that Appellant was previously conviction in cause number 13997 under P.C. 481.116(b), (c). R.R.VIII-32-35.

The judgment also states that the original term of probation was for seven years and the probation was revoked for a term of four years. R.R.VIII—32-35. The judgment is silent as to whether there was a deadly weapon. R.R.VIII—32-35. The judgment is also silent as to whether there were any enhancement paragraphs. R.R.VIII—32-35.

## SUMMARY OF ARGUMENT

The judgment introduced into evidence states on its face that the conviction was for either a State Jail Felony offense for the Possession of a Penalty Group 2 substance or for a third degree felony for the possession of a Penalty Group 2 substance. Therefore,

42

the evidence is legally insufficient to show that Appellant was convicted of a prior non-state jail felony that was a valid felony conviction to be used as an enhancement.

**ARGUMENT AND AUTHORITIES**

The evidence adduced at trial is legal insufficient to support valid enhancement because the judgment introduced at trial alleges either a state jail or a third degree. The judgment is insufficient to prove valid enhancement as a matter of law. A State Jail felony under *Tex. Penal Code § 12.35(a)* cannot be used to enhance a non-state jail offense to habitual status. *Tex. Penal Code § 12.42(d)*.

Possession of a Controlled Substance under *Tex. H & S Code 481.116(b)* is a state jail felony. Such a felony could be punished as a third degree felony if there were two prior state jail convictions. See former *Tex. Penal Code § 12.42(a)(1)[now Tex. Penal Code § 12.425]*. Under the judgment entered into evidence, the facts do not prove beyond a reasonable doubt that the

prior conviction could be used to enhance a non-state jail felony offense.

The appropriate standard of review of the sufficiency of the evidence was set for the by the Court of Criminal Appeals in *Brooks v. State, 323 s.w.3d 893, 912 (Tex. Crim. App. 2010)*, "As the Court with final appellate jurisdiction in this State, n48 we decide that the *Jackson v. Virginia* standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. All other cases to the contrary, including *Clewis*, are overruled."

The Court of Criminal Appeals again addressed the proper review of the sufficiency of the evidence. In *Garcia v. State, 367 S.W.3d 683, 686-687 (Tex. Crim. App. 2012)*, the Court held:

"To determine whether evidence is sufficient to support a conviction, a reviewing court views all

44

the evidence in the light most favorable to the verdict to decide whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). This requires the reviewing court to defer to the jury's credibility and weight determinations because the jury is the 'sole judge' of witnesses' credibility and the weight to be given testimony. *Jackson, 443 U.S. at 319; Brooks, 323 S.W.3d at 899*. A reviewing court determines whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (citing Hooper v. State, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007))*. When the record supports conflicting inferences, a reviewing court must presume that the

45

fact finder resolved the conflicts in favor of the prosecution and defer to that determination. See *Jackson, 443 U.S. at 326.*

"Evidence is insufficient to uphold a conviction when the record contains no evidence, or merely a 'modicum' of evidence, probative of an element of the offense. See *Jackson, 443 U.S. at 320* ("[A] 'modicum' of evidence [cannot] by itself rationally support a conviction beyond a reasonable doubt."); *Laster, 275 S.W.3d at 518* ("After giving proper deference to the factfinder's role, we will uphold the verdict unless a rational factfinder must have had reasonable doubt as to any essential element."). If a reviewing court finds the evidence insufficient under this standard, it must reverse the judgment and enter an order of acquittal. *Tibbs v. Florida, 457 U.S. 31, 41, 102 S. Ct. 2211, 72 L. Ed. 2d 652 (1982).*"

In this case, the evidence admitted during the trial leaves open the question as to whether the

judgment was for a state jail offense (481.116(b)) or a third degree offense (481.116(c)). The actual term of the sentence is for four years in the Institutional Division of the Texas Department of Criminal Justice. This would indicate that the judgment was not for a state jail felony. But, a state jail felony could be punished as a third degree felony if there were two prior state jail convictions to enhance the punishment under the then existing *Tex. Penal Code § 12.42(d).*

Included in the Reporter's Record as Exhibit 12, R.R.VIII—17-19, are original judgment and indictment in that matter. These documents were not admitted into evidence and therefore are not available to support a finding of a third degree felony. If the Court finds that since these documents are part of the appellate record and available to settle the issue regarding the proper level of offense in cause number 13997, then the Court will also find that Appellant was never charged with the possession of a Penalty Group 2 substance. These documents demonstrate that the judgment entered

47

into evidence in Appellant's case is unsupported by an indictment for the offense for which he was sentenced. The indictment included within the un-admitted Exhibit 12 shows that Appellant was charged with the possession of cocaine, a penalty group one substance under 481.115, not a penalty group 2 substance under 481.116. Therefore, the evidence is insufficient to support the first enhancement alleged against Appellant.

For all the foregoing reasons, Appellant's Fourth Issue should be sustained, Appellant's case be reversed, and the case remanded for further proceedings.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, the Appellant, DeJesus Fobbs, prays that the Judgment of the Trial Court be reversed and remanded for further proceedings consistent with the judgment of this Honorable Court.

Respectfully submitted,

SEARS & BENNETT, LLP

_/s/ Joel H. Bennett_____

JOEL H. BENNETT
Texas State Bar No. 00787069
1100 Nasa Parkway, Suite 302
Houston, Texas 77058
Telephone: (281) 389-2118
Facsimile: (866) 817-5155
joel@searsandbennett.com

ATTORNEY FOR DEJESUS FOBBS

**CERTIFICATE OF SERVICE**

I hereby certify that Appellant's Brief has been served upon Sue Korioth by email at suekorioth@aol.com and the Hardin County District Attorney's Office by facsimile to 409-246-5142 on this the 27th day of April, 2015.


_/s/ Joel H. Bennett_____
Joel H. Bennett

**<u>Certificate of Compliance</u>**

In compliance with TRAP 9.4(i), I certify that the word count in this reply brief is approximately 7512 words.


_/s/ Joel H. Bennett_____
Joel H. Bennett